UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS HEITKOETTER, et al., | Case No. 1:22-cv-0368-AWI-BAM |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT** |
| v. | ECF No. 26 |
| KARL DOMM, | |
| Defendant. | |

Currently pending before the Court is a motion to amend the first amended complaint filed by Plaintiffs Markus Heitkoetter and Rockwell Trading Services, LLC ("Plaintiffs") on December 22, 2022. (Doc. 26.) Defendant Karl Domm ("Defendant") filed a statement of non-opposition to Plaintiffs' motion to amend the first amended complaint. (Doc. 30.)

Based on the absence of opposition, the matter is deemed submitted on the record without the need for oral argument pursuant to Local Rule 230(g). Having considered the unopposed motion and the record in this case, Plaintiffs' motion for leave to amend will be GRANTED.

**DISCUSSION**

Plaintiff's motion to amend, which was filed prior to issuance of a Scheduling Order deadline, is considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (holding

that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16). Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Defendant has filed a statement of non-opposition to the motion to amend. Having considered the moving papers as well as Defendant's non-opposition, the Court finds that there will be little prejudice to Defendant in permitting the amendment. The Court additionally finds

that Plaintiff has not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, and there is no indication that such amendment is futile. Accordingly, leave to amend will be granted.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Amend Complaint (Doc. 26) is GRANTED;

2. The Clerk of Court is directed to file the lodged Second Amended Complaint (Doc. 26-2, Exhibit B at pp. 20-34); and

3. Defendant shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the Second Amended Complaint.

IT IS SO ORDERED.

Dated:   **January 4, 2023**          /s/ *Barbara A. McAuliffe*          
                                   UNITED STATES MAGISTRATE JUDGE

3