ANDREW C. STEBBINS (Pro Hac Vice – OH#0086387)
  astebbins@bdblaw.com
BUCKINGHAM, DOOLITTLE & BURROUGHS LLC
1375 E. 9th Street, Suite 1700
Cleveland, OH 44114
Telephone: (216) 736-4233

MAX N. WELLMAN (State Bar No. 291814)
  mwellman@venable.com
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900

Attorneys for Plaintiffs MARKUS
HEITKOETTER and ROCKWELL TRADING
SERVICES, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARKUS HEITKOETTER, an individual and ROCKWELL TRADING SERVICES, LLC, a Texas limited liability company,<br><br>*Plaintiffs*,<br><br>vs.<br><br>KARL DOMM, an individual,<br><br>*Defendant*. | Case No. 1:22-cv-00368-AWI-BAM<br><br>~~PROPOSED~~ **PROTECTIVE ORDER**<br><br><br>Judge: Hon. Anthony W. Ishii<br>Courtroom: 2, 8th Floor<br>Date: June 27, 2022<br>Time: 1:30 p.m. |

~~PROPOSED~~ PROTECTIVE ORDER

AND NOW, this 16th day of February 2023, this Court enters the following Protective Order.

1.  No party, either personally or through their agents or attorneys, shall publish to the Internet any "Disclosure or Discovery Material," a term which shall mean for purposes of this Order any documents or information that is generated, produced or disclosed in disclosures or discovery of this matter. The purpose of this Paragraph is to prevent the parties from publishing documents or information that would not be in the possession or knowledge of the parties but for the production or disclosure of the same in the course of disclosure or discovery in this litigation. This Order does not prohibit the publication of information or documents of which a party has knowledge of or is in possession of from a source independent of disclosures or discovery of this matter, so long as such publication does not reference or allude to the use or disclosure of said information or documents in the course of disclosures or discovery in this matter. For purposes of this Order, a party will be in violation of this Paragraph if he/she/they provide Disclosure or Discovery Material to a third party and direct or induce said third-party to publish the Disclosure or Discovery Material to the Internet. For purposes of this Order, the phrase "publish to the Internet" shall have its ordinary meaning and expressly be inclusive of, but not limited to, a party's publication of Disclosure or Discovery Material to social media websites, such as YouTube, Instagram, Facebook, or any other social media website which any party or their agents or attorneys is a user, as well as the re-posting or sharing of content originally published by third-parties. If any party believes that content published by another party ("Publishing Party") violates this Paragraph, the attorneys for the parties shall meet and confer within a reasonable time in an effort to resolve any disputes, prior to seeking the Court's involvement. This provision shall remain in effect until the conclusion of the proceedings in this matter.

2.       Any party that produces discovery material in this action ("Producing Party") may designate as "Confidential" (by marking the relevant page(s) or items with the text "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER") any document or response to discovery which the Producing Party believes in good faith to meet the following definition of "Confidential Information": (1) the information consists of (i) personal identifying information including social security numbers, financial account numbers, dates of birth, physical addresses, account login information, personal income, current employer(s), unlisted telephone numbers, and other information which provides details about a Party's personal life; (ii) information that constitutes proprietary financial or technical, competitive, or commercially sensitive information that the Producing Party maintains as highly confidential in its business, and which has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious financial injury; or (iii) any document that refers, relates or evidences medical information, including but not limited to medical provider impressions, records, prescriptions, medical insurance documentation and records, and other non-billing information, and, for purposes of this definition it is expressly understood that the term "medical information" is inclusive of information related to mental health care or counselling, and "medical provider" shall include any and all mental health professionals, such as psychologists, licensed social workers, licensed clinical counsellors, licensed family therapists, and any and all other types of mental health providers. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated information.

3.       A Producing Party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a Producing Party may designate in writing, within twenty (20) days after receipt

of said responses or of the deposition transcript for which the designation is proposed, or within 5 days of the entry of this Order, whichever is later, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 7 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 7 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. In addition to that which is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a deposition transcript, including exhibits thereto, deposition transcripts themselves shall not be published in any media absent written agreement of the parties or Order of Court.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a) Persons who appear on the face of Designated Discovery Material as an author, addressee, or recipient thereof;

    b) Counsel of Record;

    c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Certification" attached hereto as Exhibit A;

    d) Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Discovery Material unless permitted by other provisions of this Order;

    e) The Court and its personnel;

      f)      Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Certification" attached hereto as "Exhibit A";

      g)      Court reporters and videographers; and

      h)      Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Certification" attached hereto as "Exhibit A".

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. A party may designate as "Confidential" documents or discovery materials produced by a non-party if the documents or discovery materials contain "Confidential Information" with respect to the designating party as set forth in Paragraph 2, by providing written notice to all parties of the relevant document numbers or other identification within 5 days after receiving such documents or discovery materials, or within 5 days of the entry of this Order, whichever is later.  Within 20 days after receipt of copies of documents produced by a non-party, or 5 days following the docketing of this Order, whichever is later, a Party may designate Confidential as described in paragraph 2, *supra*, be redacted on documents produced by non-parties.

7. No Confidential Information may be filed with the Court, unless under seal. No party or non-party shall file or submit for filing as part of the Court record any documents that are designated Confidential under seal without first obtaining leave of Court.  Any information that has been redacted pursuant to paragraph 2, *supra*, or designated for redaction, pursuant to paragraph 5, *supra,* shall not be filed, even under seal, unless they remain redacted, unless if otherwise ordered by the Court.

8. If a party contends that any material is not entitled to Confidential treatment and/or redaction, such party may at any time give written notice to the Producing Party who designated the material as Confidential, or designated information to be redacted, and shall particularly identify the document(s) or information the receiving party contends should be designated differently.  Within seven (7) calendar days of the receipt of challenge, counsel for the Producing Party and receiving party shall meet and confer in an effort to resolve any disputes. As a part of the meet and confer process, the Producing Party shall advise the challenging party of its good faith basis for the Confidential designation and/or basis for redaction, including any federal or state law or other applicable privilege or right relating to confidentiality or privacy that the Producing Party asserts supports the Confidential designation and/or redaction.  If agreement cannot be reached, the Producing Party who designated the material as Confidential and/or to be redacted shall have fourteen (14) days from the receipt of the written notice of challenge to apply to the Court for an order designating the material as Confidential and/or to be redacted.  The Producing Party seeking the order has the burden of establishing that the document is entitled to protection under the terms of this Protective Order.  A party shall not be obligated to challenge the propriety of a Confidential designation and/or redaction at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.

9. Notwithstanding any challenge to the designation of material as Confidential Information and/or to be redacted, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the Producing Party that claims that the material is Confidential and/or should be redacted withdraws such designation in writing; or

    (b) the Producing Party that claims that the material is Confidential Information and/or should be redacted fails to apply to the Court for an Order designating the material Confidential and/or to be redacted within the time period

specified above after receipt of a written challenge to such designation; or

    (c)    the Court rules the material is not Confidential and/or should not be redacted.

10. All provisions of this Order restricting the communication or use of Confidential Information and/or redacted documents shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information and/or redacted documents, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than fourteen (14) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within sixty (60) days that the documents have been destroyed. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain designated Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. This Court will retain jurisdiction over this matter and will resolve all disputes that cannot be resolved by counsel.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

**Certification**

I, _____, hereby state that I have been retained in the matter of Rockwell Trading, et al v. Karl Domm.  I certify that I have reviewed the Protective Order, entered into by the parties and ordered by the Court, and hereby agree to be subject to the same terms, conditions, and restrictions as the parties to this matter.

_____                                                                 _____
DATE                                                                                              NAME

ORDER

The Court adopts the protective order submitted on February 14, 2022. (Doc. 42.) The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedures.

IT IS SO ORDERED.

Dated:   **February 16, 2023**                          /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE

8
~~PROPOSED~~ PROTECTIVE ORDER