1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**EASTERN DISTRICT OF CALIFORNIA**

7

8
MARKUS HEITKOETTER, an individual,
and ROCKWELL TRADING SERVICES,

9
LLC, a Texas limited liability company,

CASE NO. 22-cv-368-AWI-BAM

10
              Plaintiff,

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT**

        v.

11

12
KARL DOMM, an individual,

              Defendant.

13

(Doc. No. 36)

14

15

16

17

18

19
      Plaintiffs Markus Heitkoetter and Rockwell Trading Services, LLC ("Rockwell") bring

20
several claims sounding in defamation against Defendant Karl Domm based on allegations that he

21
published injurious falsehoods about them and their investment program through videos and

22
comments on YouTube. Doc. Nos. 1 & 33. The operative pleading in this action is the Second

23
Amended Complaint ("SAC"), which was filed on January 5, 2023. Doc. No. 33. Defendant Karl

24
Domm has moved to dismiss certain claims in the SAC under Rule 12(b)(6) of the Federal Rules

25
of Civil Procedure. Doc. No. 36. The motion has been fully briefed, Doc. Nos. 36, 37 & 41, and

26
the Court has deemed the motion suitable for decision without oral argument pursuant to Local

27
Rule 230(g). Doc. No. 38. For the reasons that follow, the Court will grant the motion in part and

28
deny the motion in part.

1

**BACKGROUND**

2        Plaintiffs filed this action on March 29, 2022. No. 1. On November 7, 2022, the Court

3  issued an order denying Defendant's special motion to strike the Complaint under California's

4  anti-SLAPP law[1] but granting Defendant's motion to dismiss the Complaint, finding, in essence,

5  that allegations as to supposedly defamatory statements were too general and interpretative. See

6  Doc. No. 20 at 13:28-15:14.

7        Plaintiffs filed a First Amended Complaint ("FAC") on December 18, 2022. Doc. No. 23.

8  Shortly thereafter, Plaintiffs brought an unopposed motion to amend the FAC. Doc. Nos. 26 & 30.

9  That motion was granted on January 5, 2023 and Plaintiffs filed the SAC the same day. Doc. No.

10  32.[2] The SAC alleges false light, defamation by implication, defamation (libel and libel per se),

11  intentional interference with prospective economic advantage and deceptive trade practices based

12  on videos and comments that Defendant allegedly posted to YouTube regarding Plaintiffs and

13  their investment program. See generally Doc. No. 33.

14        Defendant filed the instant motion to dismiss certain claims in the SAC, pursuant to Rule

15  12(b)(6),[3] on January 19, 2023. Doc. No. 36.

16

**RULE 12(b)(6) FRAMEWORK**

17        Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a

18  claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6)

19  may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged

20  under a cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

21  In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are

22  taken as true and construed in the light most favorable to the non-moving party. Kwan v.

23  SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more

24  than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will

25

_____

26  [1] SLAPP stands for "Strategic Lawsuit Against Public Participation." See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 831 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018).

27  [2] In light of the amendment, Defendant's motion to dismiss the FAC was denied as moot on January 13, 2023. Doc. No. 35.

28  [3] Unless otherwise indicated, "Rule," as used herein, refers to the Federal Rules of Civil Procedure.

1 not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg.

2 Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). The Court is "not required to accept as true

3 allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial

4 notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

5 inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254

6 (9th Cir. 2013).

7     To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter,

8 accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678;

9 Mollett, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content

10 that allows the court to draw the reasonable inference that the defendant is liable for the

11 misconduct alleged." Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir.

12 2013). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if

13 no request to amend the pleading was made ...." Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir.

14 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff

15 has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d

16 837, 842 (9th Cir. 2016).

17                                    **DISCUSSION**

18     Defendant seeks dismissal of Plaintiffs' false light claims, defamation claims as to certain

19 statements, and Plaintiff's defamation by implication claim. See Doc. No. 36-1. The Court

20 addresses each of these issues in turn.

21 **A.     False Light Claims**

22     Defendant argues that Plaintiffs' false light claims should be dismissed with prejudice

23 because they are duplicative of Plaintiffs' defamation claims. Doc. No. 36-1 at 3:21-4:22.

24     "False light is a species of invasion of privacy, based on publicity that places a plaintiff

25 before the public in a false light that would be highly offensive to a reasonable person, and where

26 the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the

27 false light in which the plaintiff would be placed." Price v. Operating Engineers Local Union No.

28 3, 195 Cal.App.4th 962, 970 (2011). The definition of libel (the species of defamation at issue

3

1 here) is "a false and unprivileged publication which exposes any person to hatred, contempt,

2 ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to

3 injure him in his occupation." Barnes-Hind, Inc. v. Superior Court, 181 Cal.App.3d 377, 386

4 (1986) (citing Cal. Civ. Code § 45, quotations omitted).

5      The Court agrees with Defendant that a false light claim is duplicative of a defamation

6 claim when it is based on the same facts as the defamation claim. Kapellas v. Kofman, 1 Cal.3d

7 20, 35 n.16 (1969) (finding that false light claim was "superfluous and should be dismissed"

8 because it rested on the same facts as –and was "in substance equivalent to" – a libel claim);

9 McClatchy Newspapers, Inc. v. Superior Court of Fresno County, 189 Cal.App.3d 961, 965

10 (1987) ("When an action for libel is alleged, a false-light claim based on the same facts ... is

11 superfluous and should be dismissed.").

12      Plaintiffs fail to show that their false light claims are factually distinct from their

13 defamation claims in any respect. In fact, the opposition brief only confirms that the false light

14 claims and the defamation claims involve precisely the same facts. See Doc No. 37 at 8:27-9:16

15 (stating, *inter alia*, that the "entirety" of the allegedly false statements at issue in this case put

16 Plaintiffs "in a false light"). Plaintiffs argue that they have a distinct false light claim based solely

17 on a video (discussed further below) that was published during this litigation and that is addressed

18 for the first time in the SAC. Id. at 9:8-16. That argument, however, ignores the fact that Plaintiffs

19 also allege a defamation claim (specifically, a defamation by implication claim) based on that

20 video, again creating a "superfluous" claim situation. Plaintiffs' false light claims will therefore be

21 dismissed. See Brooks v. Physicians Clinical Lab'y, Inc., 2000 WL 336546, at *4 (E.D. Cal. Mar.

22 20, 2000) (dismissing false light claim as duplicative of libel claim where plaintiff failed to show

23 that the two claims were "factually distinct"). Since this defect cannot be cured through

24 repleading, dismissal will be with prejudice. See Garmon, 828 F.3d at 842.

25 **B.**     **Defamation Claims as to Certain Statements**

26      Defendant argues that Plaintiffs' defamation claims—and claims derivative of Plaintiffs'

27 defamation claims—fail to the extent they are based on statements that are not actionable as a

28 matter of law. Doc. No. 36-1 at 4:23-14:14. Defendant identifies two statements that, he argues,

4

1   pertain to him and his work and, thus, are not "of or concerning Plaintiffs." Id. at 4:23-5:24. He

2   identifies one statement that supposedly constitutes opinion. Id. at 6:1-10:5. And finally, he

3   identifies five statements that, he claims, are substantially true. Id. at 10:6-14.

4          Plaintiffs argue that the two statements at issue in the "of or concerning Plaintiffs"

5   category are contextual and only meant to show that Defendant led viewers to believe his

6   statements regarding Plaintiffs were true. Doc. No. 37 at 9:19-26. Plaintiffs further argue that the

7   other statements in question are neither opinion nor true. Id. at 10:1-21:2.

8          1.  "Of and Concerning" Plaintiffs

9          The two statements attributed to Defendant that are supposedly not "of and concerning"

10  Plaintiffs are as follows:

11         •   "I am here only to share the truth and I am here to help people understand the true

12             risks when they get involved with certain instructors. I am here to counteract that

13             perfectly polished, perceived perception of YouTube Stock Instructors because it

14             can be dangerous to your account."

15         •   "I am only looking to share the truth and let others make their own decisions."

16  Doc. No. 36-1 at 5:10-16.

17         An otherwise defamatory statement is actionable only if it is "of and concerning" the

18  plaintiff. Dickinson v. Cosby, 37 Cal.App.5th 1138, 1160 (2019). To satisfy the "of and

19  concerning" requirement, the plaintiff must show, at a minimum, that the statement expressly

20  mentions him or refers to him by reasonable implication. Id. (citing Blatty v. New York Times

21  Co., 42 Cal.3d 1033, 1046 (1986)). The Court agrees with Defendant (as do Plaintiffs) that neither

22  of the statements at issue here appear to be "of and concerning" the Plaintiffs. The Court,

23  however, cannot find at this juncture that they do not bear on some other aspect of Plaintiffs'

24  defamation claims, such as Defendant's mental state, see BAJI 7.04.1; whether other statements

25  constituted opinion or an assertion of fact, see id. 7.00.1; or the effect of other statements on an

26  average listener. Id. 7.01. This aspect of Defendant's motion will therefore be denied.

27         2.     Statement of Opinion

28         The statement that supposedly constitutes opinion is as follows:

1    I have proven that Directional Power X [Optimizer] has not worked over a one year
     period trading it myself and by following [Plaintiff's] attempt to trade it.

2    Doc. No. 37 at 10:5-7.

3        The Ninth Circuit applies a three-part "totality of the circumstances" test to determine

4    whether a statement is protected opinion or an actionable assertion of fact, which involves

5    examining (i) the statement "in its broad context" (including the "general tenor of the entire

6    work"); (ii) the "specific context and content" of the statement, including "the extent of figurative

7    or hyperbolic language" and the "reasonable expectations of the audience"; and (iii) whether the

8    statement "is sufficiently factual to be susceptible of being proved true or false." Underwager v.

9    Channel 9 Austl., 69 F.3d 361, 366 (9th Cir. 1995). California state courts take a similarly holistic

10   approach to classifying statements as fact or opinion for purposes of defamation claims. See, e.g.,

11   Balzaga v. Fox News Network, LLC, 173 Cal.App.4th 1325, 1337-38 (2009).

12       Defendant argues as follows: The first factor (applying the Ninth Circuit test)—"broad

13   context" and "general tenor"—favors a finding that the statement constitutes opinion because the

14   statement was made in the context of a review that "states both good and bad aspects of

15   [Defendant's] opinion of the software." Doc. No. 36-1 at 6:19-24. The second factor—"specific

16   context"—favors a finding that the statement constitutes opinion because the statement was based

17   on fully disclosed facts and involves "rhetorical hyperbole." Id. at 7:25-9:25. And the third

18   factor—the extent to which a statement is susceptible to being proven true or false—favors a

19   finding that the statement constitutes opinion because the "underlying and disclosed facts illustrate

20   that the basis for the [statement] is true." Id. at 9:26-5.

21       The Court finds these arguments unconvincing. As to the first factor, it seems that a review

22   based on more than a year of testing is at least as likely to contain statements of fact as it is to

23   contain statements of opinion. As to the second factor, the Court sees no trace of hyperbole—or

24   other rhetoric—in the statement. And as to the third factor, Defendant's assertion that the truth of

25   the statement can be established by "underlying and disclosed facts" strikes the Court as an

26   unintentional admission that the statement is not mere opinion. The Court will therefore deny the

27   motion as to this statement.

28   //

1          3.        Substantially True Statements

2          Defendant next contends that Plaintiffs cannot sue on the following statements because

3   they are substantially true:

4          • "Defendant lost money after using Plaintiffs' systems for a whole year."

5          • "[Plaintiff] said he learned one major thing in 2021 which was not to trade growth

6              stocks in wheel strategy. He never should have used ride as he has stated over and

7              over. Then in late 2021 he traded ARKK. ARKK is a growth ETF. I asked him

8              about this and he has chosen not to respond."

9          • "Plaintiffs traded ARKK."

10         • "In [Plaintiffs'] last update video from January 10th, 2022, episode 216, a lot of

11             people expected to see what [Plaintiff] has shown in the past which was his account

12             gains and his unrealized losses. People were expecting to see his 2021 results and

13             he did not share his account at all."

14         • "When it comes to sharing P&L his strategies are proven not to work in 2021."

15         Defendant contends, in essence, that the substantial truth of these statements can be

16  established by "admissible facts" evidenced by certain videos. For example, Defendant argues that

17  a reasonable viewer would know how to interpret the statement that Defendant "lost money" using

18  Plaintiffs' systems because the viewer would know that Defendant used a "simulator" and

19  therefore did not use "actual, real money" to test Plaintiffs' systems. Doc. No. 36-1 at 11:9-19.

20  That knowledge on the viewer's part would be based, according to Defendant, on a video in which

21  Defendant makes the following statement:

22         I used the software to track my results for a month from January 11, 2021, to
           February 5, 2021. I traded the three systems separately using twenty-five thousand
23         dollars in each account using paper money.

24  Id. at 11:10-19.

25         It is not immediately clear to the Court why a viewer who saw Defendant make this

26  statement would necessarily conclude that Defendant did not use money in testing systems he

27  reviewed. Indeed, it appears to invite—or at least allow for—the opposite conclusion. But in any

28  event, the analysis Defendant asks the Court to undertake as to whether a viewer would know that

7

Document

1  he did not test Plaintiffs' program with real money involves factual determinations that the Court

2  cannot properly make on this motion. See Stamas v. Cnty. of Madera, 2010 WL 2556560, at *6

3  (E.D. Cal. June 21, 2010) ("A Rule 12(b)(6) motion is a challenge to the sufficiency of the

4  pleadings and is not a factual challenge on the underlying merits.").

5      Defendant's arguments as to the other putatively "true" statements at issue in this motion

6  involve the same type of improper factual analysis. The Court, for example, cannot determine

7  based on the video for which Defendant seeks judicial notice whether "Plaintiffs traded ARKK."[4]

8  The Court will therefore deny this aspect of the motion.

9  **C.      Defamation by Implication**

10     The final section of Defendant's motion to dismiss concerns a video that Defendant posted

11  on December 10, 2022 entitled "I Subpoenaed Rockwell Trading's Markus Heitkoetter's Trading

12  Statements" ("Subpoena Video"). Doc. No. 33 ¶ 42. The SAC alleges that this video shows a

13  picture of Defendant and Heitkoetter with the word "BUSTED" across this middle, id., and that

14  Defendant makes statements throughout the video regarding "private discovery information" from

15  this case, including trading statements. Id. ¶ 43.

16     According to Plaintiffs, the records featured in the Subpoena Video "do not demonstrate

17  the full financial picture or trading record of Plaintiffs for the years discussed," Doc. No. 33 ¶ 44,

18  and the video contains the following statement at the 16-minute mark:

19  > I might release another video about what really happened with Marcus's 2021
20  > $500,000 Tasty Works public wheel trading account. If you watch Marcus show his
>   monthly results and how he highlighted all his profits and took money out to pay
>   his expenses, you are in for seven shocking secrets about that account. Be sure to
21  > subscribe to the channel and hit the notification bell so you don't miss the video.

22  Id. ¶ 45.

23  _____

24  [4] Defendant seeks judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of a YouTube video entitled "Trading Options for a Living - $500,000 Trading Account Update #14 (Episode 20)" (available at https://www.youtube.com/watch?v=Bri1RF68sJQ, as of March 15, 2023). Doc. No. 36-3. Defendant offers this video

25  to show that "ARKK clearly appears as a trade that Plaintiffs held while trading their sometimes called 'public account' " and that, consequently, the statement that "Plaintiffs trade ARKK" is true. Doc. No. 36-1 at 12:3-11. The

26  Court cannot take judicial notice of the truth of the contents of online YouTube videos. See Woodall v. Walt Disney Co., 2021 WL 2982305, at *3 (C.D. Cal. Apr. 14, 2021)(citing Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th

27  Cir. 2001) and Griffin v. Peele, 2018 WL 5117555, at *3 (C.D. Cal. Jan 18, 2018)). The request is, therefore, DENIED.

28

1    Plaintiffs allege that this statement is "designed to further Defendant's false narrative that

2  Plaintiffs are not honest with the results of their trading accounts" and that it "misrepresents data

3  obtained through discovery to demonstrate that Plaintiffs are misleading their customers …

4  regarding the success of Plaintiffs' trading record." Doc. No. 33 ¶ 47. Moreover, they allege that

5  the statement gives "the false impression that Plaintiffs lost money using their own trading

6  method" and "that Plaintiffs' customers frequently lose money because of Plaintiffs' trading

7  methods." Id. ¶ 49.

8    Defendant contends that Plaintiffs fail to allege that there are defamatory statements in the

9  Subpoena Video. Doc. No. 36-1 at 15:14-19. According to Defendant, Plaintffs "have taken great

10  liberties in 'interpreting' the words published in the [Subpoena] Video to compile a vague

11  summary of accusations against [Defendant], but none with substance." Id. at 15:17-19. Further,

12  Defendant argues that the SAC does not provide sufficient notice for him to defend against claims

13  arising from the Subpoena Video and that, consequently, such claims should be dismissed with

14  leave to amend. Id. at 16:1-9.

15    To state a claim for defamation by implication under California law, a plaintiff must make

16  allegations showing that "(1) his or her interpretation of [a] statement is reasonable; (2) the

17  implication or implications to be drawn convey defamatory facts, not opinions; (3) the challenged

18  implications are not 'substantially true'; and (4) the identified reasonable implications could also

19  be reasonably deemed defamatory." Issa v. Applegate, 31 Cal.App.5th 689, 707–08 (2019)

20  (quoting Heller v. NBCUniversal, Inc., 2016 WL 6583048, *3-4 (C.D. Cal., June 29, 2016) (some

21  internal quotation marks omitted).

22    In the Court's view, the "BUSTED" label on Heitkoetter's image combined with

23  Defendant's verbal teasers as to "what really happened with [Heitkoetter'] 2021 $500,000 Tasty

24  Works public wheel trading account" and "seven shocking secrets about [Heitkoetter's] account"

25  invite a reasonable, factual inference that Heitkoetter's investment performance was not as good as

26  he claimed and that he lied about his investment performance in order to promote sales of his

27  flawed investment program. Such an implication is obviously defamatory in that it impugns

28  Heitkoetter's professional competence and truthfulness in business dealings. See Melaleuca, Inc.

1 | v. Clark, 66 Cal.App.4th 1344, 1364 (1998). Defendant has not attempted to establish (and could

2 | not realistically establish on this motion) that such implications are truthful. The Court will

3 | therefore deny the motion as to Plaintiff's defamation by implication claim.

4 | **CONCLUSION**

5 |     For the foregoing reasons, the motion will be granted as to Plaintiffs' false light claims and

6 | denied in all other respects.

7 | **ORDER**

8 |     Accordingly, IT IS HEREBY ORDERED that:

9 |     1.  Defendant's motion to dismiss the Second Amended Complaint (Doc. No. 36) is

10 |        GRANTED IN PART and DENIED IN PART as follows:

11 |          a.  The motion is GRANTED as to the First Cause of Action (false light) and the

12 |            First Cause of Action is DISMISSED WITH PREJUDICE; and

13 |          b.  The motion is DENIED in all other respects.

14 |     2.  Defendant is ordered to file an ANSWER to the Second Amended Complaint within 21

15 |        calendar days of the date of electronic service of this order; and

16 |     3.  This case is referred back to the magistrate judge for further proceedings consistent

17 |        with this order.

18 |

19 | IT IS SO ORDERED.

20 | Dated:   March 16, 2023

                                SENIOR  DISTRICT  JUDGE

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

10