UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS HEITKOETTER, et al., | Case No. 1:22-cv-0368-KES-BAM |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |
| v. | |
| KARL DOMM, | (Doc. 113) |
| Defendant. | |

Currently before the Court is the motion for a protective order filed by Plaintiffs Markus Heitkoetter and Rockwell Trading Services, LLC ("Rockwell") (collectively, "Plaintiffs"). (Doc. 113.)

Plaintiffs seek a protective order barring the deposition of Plaintiff Rockwell's employee Mark Hodge and finding the document requests propounded upon Mr. Hodge are improper and need not be answered. (Doc. 113 at 3.) In the alternative, Plaintiffs seek to limit the scope of the deposition as described below. Defendant filed his opposition, requesting Plaintiffs' motions to bar or limit Mr. Hodge's deposition be denied, or if the Court permitted a remote deposition, that Plaintiffs be required to produce Mr. Hodge promptly prior to the discovery cutoff. (Doc. 114.) Plaintiffs filed their reply on September 27, 2024. (Doc. 116.)

Having considered the briefing, and the entire docket, and for the reasons discussed

below, the Court finds entry of a protective order appropriate, and Plaintiffs' motion will be granted in part and denied in part.

## I. Brief Factual and Procedural Background

In the interest of brevity, the Court highlights pertinent parts of the case background. Plaintiffs bring several claims sounding in defamation against Defendant Karl Domm based on allegations that he published injurious falsehoods about Plaintiffs' investment program through videos and comments on YouTube.[1] The Court granted in part and denied in part Defendant's motion to strike and motion to dismiss on January 29, 2024. (Doc. 86.) Following that time, the parties have had numerous discovery disputes and appeared before the Court at an in-person status conference regarding discovery disputes on August 13, 2024, at which the parties represented that they had resolved all issues except for anticipated motions for protective orders regarding Mark Hodge and Emmett Moore. (Doc. 107.)

## II. Motion for Protective Order

Plaintiffs filed the instant motion for a protective order on September 17, 2024. (Doc. 113.) Defendant filed its opposition on September 24, 2024. (Doc. 114.) Plaintiffs filed their reply on September 27, 2024. (Doc. 116.)

### A. Plaintiffs' Position

Plaintiffs seek a protective order barring the deposition of Plaintiff Rockwell's employee Mark Hodge and finding the document requests propounded upon Mr. Hodge are improper and need not be answered. (Doc. 113 at 3.) In the alternative, Plaintiffs request the Court limit the scope of the deposition as follows: (1) the deposition would be conducted virtually; (2) the deposition would be limited to no more than two hours to mitigate the likelihood of Defendant prying into irrelevant matters; (3) Defendant would be barred from inquiring into Mr. Hodge's personal finances, trading, business activities unrelated to Plaintiff Rockwell, listings, filings, marketing activities, or other information with government agencies unrelated to Plaintiff

---

[1] According to the operative complaint, Plaintiff Markus Heitkoetter is a successful and well-respected investor and trader in the stock and real estate markets. Plaintiff Heitkoetter founded Rockwell Trading which currently offers educational services and programs for anyone interested in investing and trading. Defendant is also an options trader who markets and sells a course in options trading, similar to that offered by Plaintiffs. (Doc. 60.)

Rockwell; (4) Defendant would be barred from issuing document requests that seek the same information as found at the July 18, 2024 deposition; (5) the deposition would be deemed "Confidential-Subject to Protective Order" and not publicly filed with the Court. (*Id.*)

Plaintiffs contend that deposition of Mr. Hodge would be irrelevant to the claims or defenses in this case outside his general experience with Plaintiffs Rockwell and Heitkoetter. (Doc. 113 at 12.) Plaintiffs believe that Defendant intends to exceed the bounds of the relevance standard and will inquire into Mr. Hodge's personal finances and professional activities unrelated to Rockwell. (*Id.*) Plaintiffs also argue that the document requests propounded upon Mr. Hodge are either irrelevant to the claims and defenses in this case or duplicate discovery requests already propounded upon Plaintiffs. (Doc. 113 at 8.) Plaintiffs further contend that Mr. Hodge would suffer exacerbation of mental health issues if deposed due to recent stressful participation in another lawsuit involving harassment of Mr. Hodge and his family. (*Id.*, Doc. 113-2.) Plaintiffs further request the deposition be conducted remotely due to Mr. Hodge's disability. (Doc. 113 at 13.)

### B. Defendant's Position

Defendant filed his opposition, requesting Plaintiffs' motions to bar or limit Mr. Hodge's deposition be denied, or if the Court permitted a remote deposition, that Plaintiffs be required to produce Mr. Hodge promptly prior to the discovery cutoff. (Doc. 114.) Defendant contends that Mr. Hodge is directly relevant to the litigation as he is referenced in the complaint. (*See* Doc. 60 ¶ 34, Doc. 114 at 2.) Procedurally, Defendant contends that he did not agree to forgo document requests propounded on Mr. Hodge. (Doc. 114 at 3.) Defendant argues that Plaintiff may not claim privilege for documents that do not exist, stating that he believes Mr. Hodge does not trade on an account with actual currency and is not a registered financial advisor based upon prior public records searches. (*Id.* at 3, 5-6.) Defendant further believes that Mr. Hodge was privy to Plaintiff Heitkoetter's trading statements. (*Id.* at 7.) Defendant further does not believe a limited or remote deposition is warranted based on Mr. Hodge's alleged ability to travel or conduct business despite his disability and recent mental health issues. (*Id.* at 8-9.)

///

### C. Relevant Terms of the Proposed Protective Order

Plaintiffs have not submitted a proposed Protective Order.  (*See* Docs. 113, 116.)  Instead, Plaintiffs first request an order barring deposition of Mr. Hodge and finding that Defendant's document requests propounded on Mr. Hodge are improper and need not be answered.  (Doc. 113 at 3.)  Alternately, in the absence of a complete bar to Mr. Hodge's participation in discovery, Plaintiffs request an order stating that: (1) Mr. Hodge's deposition will be conducted virtually in light of Mr. Hodge's disability; (2) the deposition will last no longer than 2 hours to mitigate the likelihood that Defendant will use the deposition to pry into irrelevant matters; (3) Defendant is barred from inquiring into issues relative to Mr. Hodge's personal finances, trading, business activities unrelated to Rockwell, listings, filings or other information with government agencies unrelated to Rockwell, and marketing activities unrelated to Rockwell; (4) Defendant is not permitted to issue the same or similar irrelevant document requests, as found within the July 18, 2024 Notice of Deposition; and (5) Mr. Hodge's deposition will be deemed "Confidential-Subject to Protective Order" and not publicly filed with the Court.  (Doc. 113 at 13.)

### III. Discussion

### A. Legal Standards for a Motion for Protective Order

The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).  District courts also have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information).  Under Rule 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: [ ] forbidding the disclosure or discovery; … [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; …[or] requiring that a trade secret or other confidential research, development, or

commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1).

The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)); see Fed. R. Civ. P. 26(c); accord *Beckman Indus., Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) (noting that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" (citation omitted)); *see also Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (listing as examples of compelling reasons when "a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing' " (citation omitted)).

Federal Rule of Civil Procedure 26(c)(1)(G) anticipates that in certain cases, discovery of confidential information should either be limited or not permitted. Financial information is generally considered confidential.[2]  While there is no federal common law privilege akin to the right of privacy, "[f]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Goldwater Bank, N.A. v. Elizarov*, No. 5:21-CV-00616 JWH SPX, 2022 WL 17081192, at *5 (C.D. Cal. Sept. 21, 2022); *Mei Ma v. Convergent Outsourcing, Inc*., 2017 WL 11634740, at *1 (C.D. Cal. Apr. 21, 2017) (finding a protective order is appropriate when a discovery request seeks financial information); *In re Heritage Bond Litig*., No. CV 02-1475-DT(RCX), 2004 WL 1970058, at *5, n.12 (C.D. Cal. July 23, 2004) ("Any privacy concerns [ ] defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter."); *Razo v. AT&T Mobility Servs.,* LLC, No. 1:20-CV-172-NONE-HBK,

---

[2] In this diversity case, California state law governs privilege. See Fed. R. Evid. 501 ("But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). The Court need not further address the right of privacy to financial information, because both Federal and State law recognize the right.

5

2021 WL 5989753, at *18 (E.D. Cal. Dec. 17, 2021) (any privacy concerns can be addressed by a stipulated protective order).

### B. Scope of the Proposed Protective Order

#### 1. Barring or Limiting Scope of Mark Hodge's Deposition

Plaintiffs first request that Defendant be barred entirely from deposing Mr. Hodge, contending that deposition of Mr. Hodge would not be relevant to the case at issue and would instead attempt to "pry into information about Mr. Hodge's *personal* trading history." (Doc. 113 at 11) (emphasis in original.) Plaintiffs also express concern that a deposition would cause the deterioration of Mr. Hodge's mental health as Mr. Hodge had recently participated in another matter to secure court orders to protect himself and his family from threats of harm. (*Id.* at 12.) Defendant responds that Plaintiffs put Mr. Hodge at issue by including him in the operative complaint and Mr. Hodge's experience and work for Plaintiff Rockwell are relevant to the claims at issue. (Doc. 114 at 5.)

Plaintiffs' argument that Mr. Hodge's deposition would be entirely irrelevant to this case is incorrect. Federal Rule of Civil Procedure 26(b)(1) permits that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The rule further provides that information "need not be admissible in evidence to be discoverable." *Id.* Courts have held that the "question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). Given Mr. Hodge's employment with Plaintiff Rockwell, his deposition testimony as to Plaintiffs' activities appears to have bearing upon this case. (*See* Doc. 113-2 ¶ 3.) As Mr. Hodge's testimony has some relevance to the matter at hand, the Court will not grant Plaintiffs' request to completely bar Mr.

Hodge's deposition.

Mr. Hodge's deposition in this case will not be barred based upon Mr. Hodge's purported mental health concerns. Mr. Hodge states that, based upon another matter which involved his attempts to secure orders of protection, he has "significant anxiety about engaging in the legal process" and expressed his fears to Plaintiffs' counsel "about engaging in further legal proceedings, which [he] now associate[s] with the trauma related to the referenced personal issues" and has "genuine fears that being forced to testify in a legal proceeding would worsen [his] ongoing anxiety and overall mental health." (Doc. 113-2 ¶¶ 6-7.) Mr. Hodge further notes that when he was informed that his deposition was noticed for August 2024, it caused his anxiety to increase and he remains concerned about the impact testifying might have on his mental health. (*Id.* ¶¶ 8, 10.)

While the Court is cognizant of potential stress or anxiety that may result from participation in this matter, the Court notes that the other matter Mr. Hodge references is a separate, personal matter that is unrelated to the instant litigation involving Mr. Hodge's employer. Mr. Hodge also provides no exhibits or further evidence regarding his anxiety and mental health issues in his declaration. (*See* Doc. 113-2); *See United States v. Approximately $57,378 in U.S. Currency*, No. C08-5023 MMC BZ, 2010 WL 4347889, at *2 n.3 (N.D. Cal. Oct. 27, 2010) (where a claimant argued it would be unduly burdensome to travel to California for a deposition based upon expense and travel anxiety, the court found that it would not be unduly burdensome and noted that, "Besides a self-serving declaration, [the person to be deposed] has not provided any evidence corroborating her anxieties about traveling to California."). Therefore, the proposed deposition of Mr. Hodge does not appear overly burdensome based upon Mr. Hodge's purported anxieties, which can be accommodated.

Nevertheless, Plaintiffs do raise legitimate concerns regarding Defendant's inquiry into Mr. Hodge's personal financial information. While the Court will not presume that Defendant's counsel would inquire into these areas, the Court finds it appropriate to limit inquiry into Mr. Hodge's personal financial information. *See Morgan v. Napolitano*, No. 2:12-cv-1287 LKK DAD, 2013 WL 12432760, at *2 (E.D. Cal. June 28, 2013) ("The personal finances of the witness

7

appears to have no relevance to plaintiff's claims in this or the related action. Accordingly, defendant's motion for a protective order is granted."). Defendant may not inquire into Mr. Hodge's personal financial life including finances, trading, business activities, listings, filings, or marketing activities that are unrelated to Plaintiffs' business trading activities. Defendant may, however, inquire about Mr. Hodge's reputation and experience within the online trading community as referenced in Plaintiffs' operative complaint. (*See* Doc. 60 ¶ 34.)

Plaintiffs have further demonstrated good cause for holding Mr. Hodge's deposition virtually given Mr. Hodge's disability. Plaintiffs' counsel states that Mr. Hodge "is confined to a wheelchair, which can make travel and accommodations for an in person deposition more difficult," and that counsel communicated this disability to Defendant's counsel. (Doc. 113-1 ¶¶ 9-10.) Mr. Hodge also expressed concern about anxiety while testifying. (Doc. 113-2 ¶ 10.) While Defendant contends that Mr. Hodge traveled for business earlier this year, Defendant does not provide any evidence that further costs or prejudice would result from a remote deposition. (Doc. 114 at 3-4.) As a remote deposition would lessen Mr. Hodge's concerns about testifying while avoiding prejudice to Defendant, Mr. Hodge's deposition shall be conducted virtually.

However, Plaintiffs have not demonstrated good cause for their other requested relief, namely that: (1) Mr. Hodge's deposition will last no longer than 2 hours to mitigate the likelihood that Defendant will use the deposition to pry into irrelevant matters; and (2) Mr. Hodge's deposition be deemed "Confidential-Subject to Protective Order" and not publicly filed with the Court. (*See* Doc. 113 at 13.) Plaintiffs do not demonstrate how a shorter deposition would mitigate relevance concerns and Plaintiffs do not further clarify why the deposition be designated "Confidential-Subject to Protective Order." (*See* Doc. 113, 113-2, 116.)

Defendant's argument that there should be no limitations on the deposition as Plaintiffs put Mr. Hodge's broader career and testimony at issue is unavailing. The relevant paragraph of Plaintiffs' operative complaint states:

> On January 27, 2022, Plaintiffs published a video to their YouTube channel which included an employee of Rockwell on the video. Defendant then made further comment on his own video which indicated that Plaintiffs are "relying on the new guy with no knowledge." Plaintiff's employee is well known in the online

> trading community and has over twenty-seven (27) years of experience in the industry, the last sixteen (16) of which have all been with Rockwell.

(Doc. 60 ¶ 34.)  The parties agree that this paragraph refers to Mr. Hodge.  (Doc. 114 at 2, Doc. 116 at 1.)  However, this paragraph solely involves Mr. Hodge's interactions with Plaintiffs and his being "well known" in the online trading community and trading industry.  While this paragraph puts Mr. Hodge's reputation in the online trading community and basic career history at issue, this does not put Mr. Hodge's personal finances at issue.  The above limitations therefore appropriately limit the scope of Mr. Hodge's deposition.

### 2. Discovery Requests

Plaintiffs further request that the Court issue an order finding that the document requests propounded upon Mr. Hodge by Defendant are improper and need not be answered.  (Doc. 113 at 3.)  Plaintiffs contend that these requests seek private, confidential financial information from a non-party, and some seek information that is not relevant to the issues in the case.  (Doc. 113 at 8.)  Plaintiffs also contend that the requests relating to Mr. Hodge's interactions with Plaintiffs duplicate discovery requests already propounded upon Plaintiffs.  (*Id.*)

Defendant responds that Plaintiffs cannot request the Court deem matters confidential or privileged if the records do not exist, contending that Defendant believes "it is likely that Mr. Hodge does not in fact trade on an account with actual currency (despite claiming that he places successful trades."  (Doc. 114 at 3, 6-7.)  Defendant notes without citation that he could not find public records that support Mr. Hodge's claim that he was a registered financial advisor.  (*Id.*)  Defendant further argues that the existence and success of any trading accounts held by Mr. Hodge is relevant to Defendant's defense and counterclaims, "as Mr. Hodge has been with Plaintiff Rockwell since approximately 2008, has made many sales pitches based on his trades and experience, and appears at least several times a week to live audiences on YouTube.com regarding these subjects."  (*Id.* at 6-7.)

The discovery propounded on Mr. Hodge by Defendant is as follows:

> 1. All Documents that refer, evidence or relate to Defendant Karl (Robert) Domm.

2. All Documents that refer, evidence or relate to any video published by Defendant about Plaintiffs.

3. All Communications between You and any person regarding Defendant.

4. All Communications between You and any person regarding the above captioned lawsuit.

5. Your brokerage statements for each month from 2019 through 2022 that represent real trades in actual currency.

6. Your monthly statements for any paper trading or simulated trading account from 2019 through 2022.

7. Communications from any of Your brokerage accounts regarding any margin calls You received on any brokerage account from 2019 through 2022.

8. Documents that refer, evidence or relate to the names of any futures trading account You have held from 2008 until present.

9. Communications between You and Plaintiff regarding Plaintiff Heitkoetter's margin calls.

10. Communications between You and Plaintiff Heitkoetter regarding Plaintiff Heitkoetter's 500K public trading account balance being close to or less than $150,000.00 in net liquidation from 2021 through 2022.

11. Your current resume or CV.

12. Documents that refer, evidence or relate to You being a professional options trader.

13. Documents that reference the names of Your futures, stock, or options brokerage account(s) that were published and referenced in the book You coauthored, entitled "The Simple Strategy."

14. Documents that relate or evidence any professional licenses You hold or have held.

15. Documents that refer to You in either the FINRA (Financial Industry Regulatory Authority's) database or the Securities and Exchange Commission's database.

16. Documents that refer or evidence Your alleged five years as a full-time options trader prior to joining Plaintiff Rockwell for employment.

17. Documents that reference or relate to any social media account usernames or handles You have used in the last five (5) years to write about either Plaintiff, other than ones in Your name.

18. Documents that evidence social media posts You have made about either Plaintiff that are not in Your own name.

19. Documents that refer or relate to Plaintiffs' policy regarding deletion of comments on social media in Your possession, control or custody.

20. Documents You have used for promotional purposes for Plaintiffs' one day futures, stocks, and options trading seminars from 2017 through 2021 that were used in live, in- person meetings in hotels around the country.

21. Documents You used during Your promotion as a futures day

>    trading coach.
>    22. Documents You used while You were running the live, day
>    trading room for Plaintiff Rockwell.

(Doc. 113-1 at 4-11.)

The Court finds that a protective order is appropriate as to some of Defendant's discovery requests to Mr. Hodge. As noted above, courts have entered protective orders where the personal finances of witnesses have no relevance to claims. *Morgan*, 2013 WL 12432760, at *2 (E.D. Cal. June 28, 2013). This is the case with Defendant's Requests Nos. 5, 6, 7, 8, and 13, which request Mr. Hodge's brokerage statements, monthly statement, communications from any of his brokerage accounts, futures trading account documents, and other brokerage account documents. (Doc. 113-1 at 4-11.) As these requests deal with Mr. Hodge's personal financial information rather than Plaintiffs' financial information or the claims, a protective order is appropriate.

Additionally, a protective order is appropriate as to documents that could be obtained from Plaintiffs rather than Mr. Hodge. "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that… the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Where parties could obtain parties' financial parties directly from the other party rather than from non-parties, courts have granted protective orders barring discovery as overly burdensome and duplicative. *See Starship, LLC v. Ghacham, Inc*., No. CV 21-04665-JAK (JEMX), 2022 WL 17886010, at *2 (C.D. Cal. Oct. 31, 2022) ("The record also demonstrates that Plaintiff had the opportunity to obtain Defendants' financial records directly from Defendants… Thus, the Court on its own motion will GRANT a protective order barring discovery of the requested financial information…"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."). Here, Request No. 10 refers to communications between Mr. Hodge and Plaintiff Heitkoetter regarding Plaintiff Heitkoetter's trading account. (Doc. 113-1 at 4-11.) Defendant has had ample opportunity to seek these documents from Plaintiffs but does not clarify whether these documents were obtained from or were sought from

11

Plaintiffs. (*See* Doc. 114.) To prevent burden on a non-party, the Court finds a protective order is also appropriate as to Request No. 10.

Furthermore, Requests Nos. 1, 2, 3, 4, 9, 12, 15, 18, 19, 21, and 22 are overly broad, ambiguous, unlimited in time, and/or not sufficiently proportional to the needs of this case. As explained above, Mr. Hodge's reputation and experience within the online trading community are relevant as they relate to Plaintiff's operative complaint, but these requests are overly broad and not specific as to time. Accordingly, a protective order is appropriate as to Requests Nos. 1, 2, 3, 4, 9, 12, 15, 18, 19, 21, and 22.

Plaintiffs have not shown good cause, however, for issuance of a protective order as to Requests Nos. 11, 14, 16, 17, and 20. Defendant requests Mr. Hodge's current resume or CV, documents relating to Mr. Hodge's professional licenses, documents relating to Mr. Hodge's years as a full-time options trader prior to working for Plaintiff Rockwell, documents that relate to social media accounts Mr. Hodge used to write about Plaintiff other than those in his own name, and documents used for promotional purposes for Plaintiffs' one day futures, stocks, and options trading seminars from 2017 through 2021 that were used in live, in-person meetings in hotels. (Doc. 113-1 at 4-11.) Requests Nos. 11, 14, 16, 17, and 20 are relevant to the paragraph in Plaintiffs' operative complaint referring to Mr. Hodge's reputation.[3] *Id.* A protective order is not warranted as to these requests.

**IV.    Conclusion and Order**

Based on the foregoing, the Court finds that good cause exists for entry of a protective order that: (1) prohibits Defendant from inquiring into Mr. Hodge's personal financial life including finances, trading, business activities, listings, filings, or marketing activities that are unrelated to Plaintiffs' business trading activities during Mr. Hodge's deposition; (2) provides

---

[3] Plaintiffs note that they represented to Defendant that they would not be pursuing any claims based upon Defendant's statements referencing Mr. Hodge and contemplated removing references to Mr. Hodge from the operative complaint. (Doc. 116 at 2.) However, these requests are relevant as the reference to Mr. Hodge remains in the operative complaint and Mr. Hodge is Plaintiff Rockwell's employee and a colleague of Plaintiff Heitkoetter. (Doc. 60 ¶ 34, Doc. 113-1 ¶¶ 5-7, Doc. 113-2 ¶ 3.)

1  that Mr. Hodge's deposition be conducted virtually; and (3) Mr. Hodge need not respond to
2  Defendant's Requests Nos. 1-10, 12-13, 15, 18-19, and 21-22 to protect Mr. Hodge's personal
3  financial information, to limit the burden on a non-party, and to limit overbroad, vague, and/or
4  irrelevant discovery.

5      This order does not bar Mr. Hodge's deposition or prohibit Plaintiff from inquiring into
6  Mr. Hodge's reputation and experience within the online trading community as referenced in
7  Plaintiffs' operative complaint.  This order also does not limit Defendant's Requests Nos. 11, 14,
8  16, 17, or 20 to Mr. Hodge.

9      Accordingly, Plaintiffs' Motion for a Protective Order (Doc. 113) is GRANTED for the
10  documents and information noted in this Order.

12  IT IS SO ORDERED.

13      Dated:   **October 28, 2024**          /s/ *Barbara A. McAuliffe*
14                                               UNITED STATES MAGISTRATE JUDGE