1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARKUS HEITKOETTER, et al.,            Case No.  1:22-cv-0368-KES-BAM

12                    Plaintiffs,           **ORDER REGARDING JOINT**
                                            **DISCOVERY DISPUTE STATEMENT**
13          v.
                                            (Doc. 119)
14   KARL DOMM,

15                    Defendant.

16

17

18          Currently before the Court is the parties' Joint Status Report on Disputed Discovery (Doc.

19   119), which clarifies the remaining discovery disputes between the parties.  Having considered

20   the briefing, and the entire docket, and for the reasons discussed below, the Court finds that

21   Plaintiffs must supplement their responses to Interrogatory Nos. 8, 12, and 20 to Plaintiff

22   Heitkoetter; Request for Production No. 10 to Plaintiff Heitkoetter, and Request for Production

23   No. 38 to Plaintiff Rockwell.

24          **I.      Brief Factual and Procedural Background**

25          In the interest of brevity, the Court highlights pertinent parts of the case background.

26   Plaintiffs Markus Heitkoetter and Rockwell Trading Services, LLC ("Plaintiffs") bring several

27   claims sounding in defamation against Defendant Karl Domm based on allegations that he

28   published injurious falsehoods about Plaintiffs' investment   program through videos and

1

comments on YouTube.[1]  As relevant to this motion, on April 6, 2023, Defendant and Counterclaimant Karl Domm filed a counterclaim against Plaintiffs and Counter-Defendants Markus Heitkoetter and Rockwell Trading Services, LLC alleging: (1) False Advertising pursuant to 15 U.S.C. 1125(a)(1)(B); and (2) Violation of California Unfair Competition Law pursuant to Cal. Bus. & Prof. Code Section 17200.  (Doc. 46.)  Counterclaimant Domm primarily alleged that Counter-Defendants made false statements in their YouTube advertisements. (*Id.*)

The Court granted in part and denied in part Defendant's motion to strike and motion to dismiss on January 29, 2024.  (Doc. 86.)  Following that time, the parties have had numerous discovery disputes and appeared before the Court at an in-person status conference regarding discovery disputes on August 13, 2024, at which the parties represented that they had resolved all issues except for motions for protective orders regarding Mark Hodge and Emmett Moore.  (Doc. 107.)

**II.     Discussion**

The parties filed the instant joint status report on disputed discovery on October 4, 2024. (Doc. 119.)  Defendant states that disputes remain regarding: Defendant's Interrogatories (Set One) to Plaintiff Markus Heitkoetter Nos. 1, 2, 4, 5, 8, 12, and 20; Defendant's Interrogatories (Set One) to Plaintiff Rockwell Nos. 1, 2, 4, 5, and 11; Defendant's Requests for Production of Documents to Plaintiff Heitkoetter No. 10; and Defendant's Requests for Production of Documents to Plaintiff Rockwell Nos. 8, 11, and 38.  (*Id.*)

The Court addresses the remaining disputes below.

**a.   Defendant's Interrogatories to Plaintiffs Heitkoetter and Rockwell Nos. 1-2**

INTERROGATORY NO. 1: For each of Your denials of a material allegation in Your Answer, state all facts on which you base the denial.

PLAINTIFF HEITKOETTER'S RESPONSE TO INTERROGATORY NO. 1: Plaintiff Heitkoetter objects to Propounding Party's definition of "You" as overbroad, vague, and

---

[1] According to the operative complaint, Plaintiff Markus Heitkoetter is a successful and well-respected investor and trader in the stock and real estate markets. Plaintiff Heitkoetter founded Rockwell Trading which currently offers educational services and programs for anyone interested in investing and trading. Defendant is also an options trader who markets and sells a course in options trading, similar to that offered by Plaintiffs.  (Doc. 60.)

2

ambiguous on the grounds that it purports to include parties other than Plaintiff Heitkoetter. Plaintiff Heitkoetter responds to this Interrogatory only on behalf of himself.

Moreover, Plaintiff Heitkoetter objects on the basis that this Interrogatory is impermissibly overbroad and unduly burdensome. *See, e.g. Lawrence v. First Kansas Bank & Tr. Co*., 169 F.R.D. 657, 662-663 (D. Kan. 1996); *AJ Reyes v. Educ. Credit Mgmt. Corp*., No. 15CV628- BAS(JMA), 2016 WL 9488704, at *3 (S.D. Cal. Sept. 20, 2016) ("Discovery requests must state with particularity the information sought.").

Notwithstanding said objection, and in an attempt to be responsive, Plaintiff Heitkoetter states that Defendant Domm's Counterclaim alleges that Plaintiff Heitkoetter engaged in deceptive and unethical conduct when making public statements about Plaintiff Heitkoetter and the trading results that can be achieved through using Plaintiff Rockwell's goods and services. Plaintiff Heitkoetter issued denials to Defendant Domm's Counterclaim that alleged that any deceptive or unethical conduct occurred.

PLAINTIFF ROCKWELL'S RESPONSE TO INTERROGATORY NO. 1: Plaintiff Rockwell objects to Propounding Party's definition of "You" as overbroad, vague, and ambiguous on the grounds that it purports to include parties other than Plaintiff Rockwell. Plaintiff Rockwell responds to this Interrogatory only on behalf of itself.

Moreover, Plaintiff Rockwell objects on the basis that this Interrogatory is impermissibly overbroad and unduly burdensome . *See, e.g. Lawrence v. First Kansas Bank & Tr. Co*., 169 F.R.D. 657, 662-663 (D. Kan. 1996); *AJ Reyes v. Educ. Credit Mgmt. Corp*., No. 15CV628-BAS(JMA), 2016 WL 9488704, at *3 (S.D. Cal. Sept. 20, 2016) ("Discovery requests must state with particularity the information sought.")

Notwithstanding said objection, and in an attempt to be responsive, Plaintiff Rockwell states that Defendant Domm's Counterclaim alleges that Plaintiff Rockwell engaged in deceptive and unethical conduct when making public statements about Plaintiff Heitkoetter and the trading results that can be achieved through using Plaintiff Rockwell's goods and services. Plaintiff Rockwell issued denials to Defendant Domm's Counterclaim that alleged that any deceptive or unethical conduct occurred.

INTERROGATORY NO 2: For each denial of a material allegation in Your Answer, identify all documents that support Your denial, and state the name, address and telephone number of the person who has each document.

PLAINIFF HEITKOETTER'S RESPONSE TO INTERROGATORY NO. 2:

Plaintiff Heitkoetter objects to this Interrogatory on the grounds that the Interrogatory is compound. Plaintiff Heitkoetter ambiguous on the grounds that it purports to include parties other than Plaintiff Heitkoetter. Plaintiff Heitkoetter responds to this Interrogatory only on behalf of himself.

Plaintiff Heitkoetter objects to this Interrogatory on the grounds that the Interrogatory is impermissibly overbroad and unduly burdensome for the reasons set forth in the Response to Interrogatory No. 1.

Notwithstanding said objection, and in an attempt to be responsive, please see the Documents previously provided by Plaintiff Rockwell to Defendant Domm's previous discovery requests, which clearly indicate that Plaintiff Rockwell did not engage in deceptive or unethical behavior.

PLAINTIFF ROCKWELL'S RESPONSE TO INTERROGATORY NO. 2: Plaintiff Rockwell objects to this Interrogatory on the grounds that the Interrogatory is compound. Plaintiff Rockwell ambiguous on the grounds that it purports to include parties other than Plaintiff Heitkoetter. Plaintiff Rockwell responds to this Interrogatory only on behalf of itself. Plaintiff Rockwell objects to this Interrogatory on the grounds that the Interrogatory is impermissibly overbroad and unduly burdensome for the reasons set forth in the Response to Interrogatory No. 1.

Notwithstanding said objection, and in an attempt to be responsive, please see the Documents previously provided by Plaintiff Rockwell to Defendant Domm's previous discovery requests, which clearly indicate that Plaintiff Rockwell did not engage in deceptive or unethical behavior.

DISCUSSION: Eastern District courts have noted that contention interrogatories, "which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each

4

and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.' " *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) (quoting *Miles v. Shanghai Zhenhua Port of Mach. Co., LTS*., No. C08-5743 FDB, 2009 WL 3837523, at *1 (W.D. Wash. Nov. 17, 2009)). Courts throughout the Ninth Circuit have routinely found these 45++contention interrogatories to be overly broad and unduly burdensome. *See Haggarty v. Wells Fargo Bank, N.A*., No. 10-2416 CRB JSC, 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); *Mancini v. Ins. Corp. of New York*, No. CIV. 07CV1750-L NLS, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) ("Contention interrogatories are often overly broad and unduly burdensome when they require a party to state "every fact" or "all facts" supporting identified allegations or defenses.")

Here, Defendant's initial interrogatories requiring Plaintiffs to "state all facts" or "identify all documents" were unduly burdensome. *See Aldapa*, 310 F.R.D. at 591. Defendant then somewhat limited the interrogatories to only address paragraphs 24, 25, 31, 41, 43, 45, 47, 55, 56,67,78, 89, 94 and 101 of Defendant's Counterclaim. (Doc. 119-1 at 116, *See* Doc. 60.) While Plaintiff identifies "material allegations" as relating to the fourteen paragraphs, Defendant still requires Plaintiffs to "state all facts" and to "identify all documents" rather than limiting this request to material facts and material facts or another more targeted request. (Doc. 119-1 at 116; Doc. 119 at 3-5.) The requests therefore remain overly broad and unduly burdensome. *Aldapa*, 310 F.R.D. at 591.

Moreover, a significant number of the counterclaim and answer paragraphs at issue relate to Plaintiff Heitkoetter's trading and alleged gains or losses that purportedly did not meet the numbers Plaintiffs advertised. (*See* Doc. 58 ¶¶ 31, 43, 45, 47, 55, 56, 67, 89, 94, 101.) But Defendant's counsel stated at the August 13, 2024 in-person discovery conference "that Defendant already had Plaintiff Heitkoetter's tax returns, trading records, and financial statements," and further discovery related to Plaintiff Heitkoetter's trading is provided for as discussed below. (*See* Doc. 107.) Given that the trading information sought through these interrogatories has been and will be obtained through more targeted means, the request to state all facts or identify all documents related to this issue is unreasonably cumulative or duplicative.

1  *See* Fed. R. Civ. P. 26(b)(2)(c)(i).

2       Defendant further argues that Plaintiffs had previously agreed to amend the response

3  following the limitation in scope.  (Doc. 119 at 4.) This does not change the Court's analysis that

4  these interrogatories are overly broad, unduly burdensome, and duplicative.  Defendant's requests

5  for further supplement, waiver of objections, or sanctions is therefore denied.

6       **b.  Defendant's Interrogatories to Plaintiffs Heitkoetter and Rockwell No. 4**

7       INTERROGATORY NO. 4: For each response to Mr. Domm's Request for Admissions

8  (Set One, Counterclaim) that is not an unqualified admission, state all facts upon which you base

9  Your response.

10      PLAINTIFF HEITKOETTER'S RESPONSE TO INTERROGATORY NO. 4: Plaintiff

11  Heitkoetter objects to Propounding Party's definition of "You" as overbroad, vague, and

12  ambiguous on the grounds that it purports to include parties other than Plaintiff Heitkoetter.

13  Plaintiff Heitkoetter responds to this Interrogatory only on behalf of himself. Plaintiff further

14  objects to this Interrogatory on the grounds set forth in Response to Interrogatory No. 1.

15      Notwithstanding said objection, and in an attempt to be responsive, Plaintiff Heitkoetter

16  states that Defendant Domm's Requests for Admission allege that Plaintiff Heitkoetter engaged in

17  deceptive and unethical conduct when making public statements about Plaintiff Heitkoetter and

18  the trading results that can be achieved through using Plaintiff Heitkoetter's goods and services.

19  Plaintiff Rockwell issued denials to Defendant Domm's Request for Admissions that alleged that

20  any deceptive or unethical conduct occurred. Further, Plaintiff Heitkoetter has produced

21  additional documentation showing that he was fully transparent with the public about the

22  performance of all of his trades, including those which were not profitable.

23      PLAINTIFF ROCKWELL'S RESPONSE TO INTERROGATORY NO. 4: Plaintiff

24  objects to Propounding Party's definition of "You" as overbroad, vague, and ambiguous on the

25  grounds that it purports to include parties other than Plaintiff. Plaintiff responds to this

26  Interrogatory only on behalf of itself.

27      Plaintiff further objects to this Interrogatory on the grounds set forth in Response to

28  Interrogatory No. 1.

Notwithstanding said objection, and in an attempt to be responsive, Plaintiff Rockwell states that Defendant Domm's Requests for Admission allege that Plaintiff Rockwell engaged in deceptive and unethical conduct when making public statements about Plaintiff Heitkoetter and the trading results that can be achieved through using Plaintiff Rockwell's goods and services. Plaintiff Rockwell issued denials to Defendant Domm's Request for Admissions that alleged that any deceptive or unethical conduct occurred. Further, Plaintiff Rockwell has produced additional documentation showing that he was fully transparent with the public about the performance of all of his trades, including those which were not profitable.

DISCUSSION: Again, Defendant's initial interrogatories requiring Plaintiffs to "state all facts" or "identify all documents" were unduly burdensome. *See Aldapa*, 310 F.R.D. at 591. Defendant purported to have limited the interrogatories to nine requests for admission. (Doc. 119 at 5.) However, in the 134-page supporting declaration and exhibits to the discovery disagreement, Defendant's counsel does not include those requests for admission. (*See* Doc. 119, 119-1.) Absent reviewing those requests for admission, the Court cannot find that Defendant has appropriately limited the scope of the requests. Furthermore, the lack of a limitation on the request to "state all facts" further indicates that these interrogatories remain overbroad and unduly burdensome. Defendant's requests for further supplement, waiver of objections, or sanctions is therefore denied.

### c. Defendant's Interrogatory to Plaintiffs No. 5

DEFENDANT'S INTERROGATORY NO. 5: For each response to Mr. Domm's Request for Admissions (Set One, Counterclaim) that You identified in Interrogatory Number Four, identify the persons with knowledge of those facts.

PLAINTIFF HEITKOETTER'S RESPONSE TO INTERROGATORY NO. 5: See Response to Interrogatory No. 4. Notwithstanding said objection, and in an attempt to be responsive, Plaintiff Heitkoetter states that he has the most knowledge regarding the denials to Defendant Domm's Request for Admissions.

RESPONSE TO INTERROGATORY NO. 5: See Response to Interrogatory No. 4. Notwithstanding said objection, and in an attempt to be responsive, Plaintiff states that Markus

7

Heitkoetter has the most knowledge of the facts contained in Plaintiff Rockwell's Responses to Requests for Admissions.

DISCUSSION: Plaintiff Heitkoetter responded to Interrogatory No. 5 stating that "he has the most knowledge regarding the denials to Defendant Domm's Request for Admissions." (Doc. 119 at 23.) Despite objection, Plaintiff Heitkoetter responded directly to Interrogatory No. 5 with the information sought. As Plaintiff has provided a response to this interrogatory, there appears to be no further dispute on this issue. Defendant's requests for further supplement, waiver of objections, or sanctions is therefore denied.

**d. Defendant's Interrogatory to Plaintiffs No. 8 to Plaintiff Heitkoetter**

INTERROGATORY NO. 8: Identify the net liquidation value in dollars gained or lost in Your Brokerage Accounts that You held, owned or operated on December 31st for each calendar year between 2019 and 2023.

PLAINTIFF HEITKOETTER'S RESPONSE TO INTERROGATORY NO. 8: Plaintiff Heitkoetter objects to Propounding Party's definition of "You" as overbroad, vague, and ambiguous on the grounds that it purports to include parties other than Plaintiff Heitkoetter. Plaintiff Heitkoetter responds to this Interrogatory only on behalf of himself.

Plaintiff Heitkoetter objects to Propounding Party's definition of "Brokerage Account" as overbroad, vague, and ambiguous on the grounds that it purports to include any joint account. Plaintiff Heitkoetter objects to this Interrogatory on the grounds that the Interrogatory is compound. Plaintiff Heitkoetter objects to this Interrogatory on the grounds that the Interrogatory seeks information that is neither relevant to the Counterclaim or defenses thereto, nor calculated to lead to the discovery of admissible evidence. Plaintiff Heitkoetter objects to this Interrogatory on the grounds that the Interrogatory is unduly burdensome, propounded for the purpose of harassment, and not proportional to the needs of the case.

DISCUSSION: Plaintiffs object based upon relevance and contend that the Court's determination that the "net liquidation value" is not relevant based upon the assertion that Paragraph 45 of Defendant's counterclaim refers to the "net liquidation value" when Paragraphs 44-45 of the counterclaim only refer to "true profit and loss/return on investment by calendar

year." (Doc. 119 at 25, Doc. 46 ¶¶ 44-45.)  Plaintiffs contend that because Defendant "claimed that that the purpose of this Interrogatory is to discern why a denial was issued as to the figures presented in Paragraph 45 of the Counterclaim," Plaintiffs provided "monetary gain/loss" figures for 2019, 2020, and 2021.  (Doc. 119 at 25.)

However, this does not make the net liquidation value irrelevant to Defendant's Counterclaim.  Defendant alleges in his counterclaim that, "Net liquidation value is the true value of an account by industry metrics" and that, "Beginning in the third quarter of 2021, Counterclaim-Defendants stopped showing the Public Account's unrealized losses, and in effect the accounts net liquidation value" but "The net liquidation value was not able to be accurately calculated without knowing the unrealized losses." (Doc. 46 ¶¶ 54-55.)  Defendant further alleges that "based on the Public Account's brokerage statements, the net liquidation value of the account at the end of the year on December 31, 2021, was a loss of approximately $29,000.00." (*Id.* ¶ 67.)  While Plaintiffs are correct that Defendant uses the terms "true profit and loss/return on investment by calendar year" and "Monetary Gain/Loss" in Paragraphs 44 and 45 of his Counterclaim and the Court referred to "net liquidation gain" in its August 13, 2024 order, this does not make "net liquidation value" irrelevant given Defendant's other allegations.  (*See* Docs. 46, 107.)

Plaintiffs additionally object that the interrogatory is overbroad, vague, ambiguous, and compound as to the words "you" and "Brokerage Account." (Doc. 119 at 24.)  However, the interrogatory directed to Plaintiff Heitkoetter clarifies that it refers to "Your Brokerage Accounts that You held, owned or operated on December 31st for each calendar year between 2019 and 2023."  Given the specificity and Defendant's further clarification that the "net liquidation value" consists of realized gains, realized losses, unrealized gains, and unrealized losses, this objection is unavailing.  (*See* Doc. 119 at 7.)

Plaintiff Heitkoetter further states in his notes to Interrogatory No. 20 that he "does not track 'unrealized losses' or net liquidation value of any accounts or brokerage account statements furnished to them" and "Plaintiff maintains that to the extent Defendant wishes to use his own calculations to determine this figure, he can do so."  (Doc. 119 at 27.)  If Plaintiff does not have

the requested information, Plaintiff may respond to the interrogatory accordingly.  However, the response as currently supplemented does not reflect that.

As Plaintiffs' objections are overruled, Plaintiff Heitkoetter must provide Defendant with the net liquidation value gained or lost in brokerage accounts he held, owned, or operated from 2019 through 2022.  (*Id.*)  Given the potential confusion regarding the multiple terms at issue in Defendant's counterclaim, the Court will not presume that Plaintiffs' supplemented response violated the Court's August 13, 2024 order.  (*See* Doc. 107.)  Accordingly, Defendant's request for supplementing of Interrogatory No. 8 to Plaintiff Heitkoetter is granted.  Plaintiff Heitkoetter shall supplement his response to Interrogatory No. 8 on or before **December 20, 2024**. Defendant's request for an evidentiary sanction and/or reasonable attorneys' fees is, however, denied.  (*See* Doc. 119 at 8.)

**e.  Defendant's Interrogatory to Plaintiff Heitkoetter No. 12**

INTERROGATORY NO. 12: Identify each Document or publication where You claimed to the public that You gained sixty (60) percent or more in any Brokerage Account You owned, controlled or traded for a given year, or years combined.

PLAINTIFF HEITKOETTER'S RESPONSE TO INTERROGATORY NO. 12: Plaintiff Heitkoetter objects to Propounding Party's definition of "You" as overbroad, vague, and ambiguous on the grounds that it purports to include parties other than Plaintiff Heitkoetter. Plaintiff Heitkoetter responds to this Interrogatory only on behalf of himself. Plaintiff Heitkoetter objects to Propounding Party's definition of "Brokerage Account" as overbroad, vague, and ambiguous on the grounds that it purports to include any joint account.

Plaintiff Heitkoetter objects to this Interrogatory on the grounds that the Interrogatory is compound. Plaintiff Heitkoetter objects to this Interrogatory on the grounds that the Interrogatory seeks information that is neither relevant to any claim or defense in this case, nor calculated to lead to the discovery of admissible evidence.

Plaintiff Heitkoetter objects to this Interrogatory on the basis that it is unduly burdensome and not proportional to the needs of the case. Claims that Plaintiff may have made to the "public" are, inherently, "public" and, thus, equally accessible to Defendant Domm. Plaintiff does not keep

10

a categorical log of specific statements he has "made to the public" throughout his career, and requiring Plaintiff to sift through innumerable written publications and thousands of hours of content is not a burden Plaintiff should bear, particularly where it is Defendant's burden to prove that specific statements (allegedly) made by Plaintiff, in fact, caused some tangible harm to Defendant.

DEFENDANT'S POSITION REGARDING INTERROGATORY NO. 12 (Doc. 119 at 8-9): Defendant agreed to limit the response to identification to matters that were conformed to writing so that Plaintiff could easily search for anything that was responsive (search terms such as sixty, 60, 60% or higher) would have been the due diligence search that should have commenced after the August hearing.

PLAINTIFF HEITKOETTER'S POSITION REGARDING INTERROGATORY NO. 12 (Doc. 119 at 26): Plaintiff stands by this objection and response. Defendant has identified in his Counterclaim several times when Plaintiff refers to "making or getting 60%" – twice in the year 2018 and once in an undated publication on Rockwell's website. Also, Defendant clearly has been able to secure this "public" content, precisely as represented in the initial answer and objection to this Interrogatory, as Defendant discussed such content during Plaintiff Heitkoetter's deposition.

Plaintiff is not aware of any other instances of such statement being made and will amend the response to reflect that after a document review. Plaintiff is not aware of any other instances referring to this "60%" figure in any content other than that identified by Defendant in the Counterclaim and in content discussed during Plaintiff's deposition.

DISCUSSION: Plaintiffs object that this interrogatory is overbroad, vague, and ambiguous as to the phrases "You" and "Brokerage Account," despite the interrogatory being directed to Plaintiff Heitkoetter clarifies that it refers to "any Brokerage Account [Plaintiff Heitkoetter] owned, controlled or traded for a given year, or years combined."  (Doc. 119 at 25.) Plaintiffs further object that this interrogatory seeks irrelevant information despite Defendant's counterclaim directly alleging that Plaintiff Heitkoetter promised trading returns of 60%.  (*See* Doc. 46 ¶¶ 26, 28, 77, 84, 86.)  Plaintiffs further object that the interrogatory is compound despite

it being a single question.  (Doc. 119 at 25.)  These objections are inapposite and are therefore overruled.

Plaintiffs further object that this interrogatory is unduly burdensome and not proportional to the needs of the case.  Defendant notes that he has limited this to statements in "writing so that Plaintiff could easily search for anything that was responsive (search terms such as sixty, 60, 60% or higher)…" (Doc. 119 at 9.)  To the extent that the interrogatory remains ambiguous, the Court will further limit the interrogatory to address statements made by Plaintiff during the relevant period of January 1, 2019 to December 31, 2023.

The Court notes that Plaintiff Heitkoetter appears to have responded to this request in Plaintiffs' notes within the joint statement.  (*See* Doc. 119 at 26.)  Plaintiff Heitkoetter states that he is "not aware of any other instances of such statement being made and will amend the response to reflect that after a document review" and "Plaintiff is not aware of any other instances referring to this "60%" figure in any content other than that identified by Defendant in the Counterclaim and in content discussed during Plaintiff's deposition." (*Id*.)  Pending Plaintiff Heitkoetter's document review, he shall therefore amend his respond to Interrogatory No. 12 to reflect these statements.  Accordingly, Plaintiff Heitkoetter shall supplement his response to Interrogatory No. 12 as clarified above on or before **December 20, 2024**.

**f.   Defendant's Interrogatory to Plaintiff Heitkoetter No. 20**

INTERROGATORY NO. 20: State the amount of unrealized losses on December 31, 2021, for the Public Trading Account.

PLAINTIFF HEITKOETTER'S RESPONSE TO INTERROGATORY NO. 20: Plaintiff Heitkoetter objects to Propounding Party's definition of "You" as overbroad, vague, and ambiguous on the grounds that it purports to include parties other than Plaintiff Heitkoetter. Plaintiff Heitkoetter responds to this Interrogatory only on behalf of himself. Plaintiff Heitkoetter objects to this Interrogatory on the grounds that the Interrogatory seeks information that is neither relevant to any claim or defense in this case nor calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiff Heitkoetter responds to

this Interrogatory as follows: Plaintiff Heitkoetter has furnished statements for his brokerage accounts for the relevant time periods in prior discovery through which Defendant can "identify" such values. Notwithstanding said objection, and in an attempt to be responsive, Plaintiff Heitkoetter states Paragraph 45 of the Counterclaim does not discuss net liquidation value but references monetary gain/loss, which means realized profit and losses. On December 31, 2021, the Public Trading Account had realized profits of $188,040.

DISCUSSION: Defendant seeks Plaintiff Heitkoetter's unrealized losses, a component of the "net liquidation value," as discussed in Interrogatory No. 8.  As with Interrogatory No. 8, Plaintiffs object that the interrogatory is overbroad, vague, and ambiguous as it purports to include other parties beyond Plaintiff Heitkoetter and seeks irrelevant information.  (Doc. 119 at 27.)  Defendant's counterclaim specifically alleges that Defendant had unrealized losses during 2021.  (Doc. 46 ¶¶ 53-57.)  The interrogatory is not overbroad, vague, and ambiguous as it is directed to Plaintiff Heitkoetter and specifically requests the unrealized losses as of the specific date December 31, 2021 for the "Public Trading Account."  (Doc. 119 at 9.)

Plaintiff Heitkoetter further states in his notes to Interrogatory No. 20 that he "does not track 'unrealized losses' or net liquidation value of any accounts or brokerage account statements furnished to them" and "Plaintiff maintains that to the extent Defendant wishes to use his own calculations to determine this figure, he can do so."  (Doc. 119 at 27.)  If Plaintiff does not have the requested information, Plaintiff may respond to the interrogatory accordingly.  However, the response as currently supplemented does not reflect that.

As Plaintiffs' objections to this interrogatory is overruled, Plaintiff Heitkoetter shall supplement his response to Interrogatory No. 20 on or before **December 20, 2024**.

**g.  Defendant's Interrogatory to Plaintiff Rockwell No. 11**

INTERROGATORY NO. 11: For each year starting in 2018, identify the approximate number of unique email addresses that were in Your Rockwell mailing list and the bases for the approximate number.

PLAINTIFF ROCKWELL'S RESPONSE TO INTERROGATORY NO. 11: Plaintiff Rockwell objects to Propounding Party's definition of "You" as overbroad, vague, and

ambiguous on the grounds that it purports to include parties other than Plaintiff Rockwell. Plaintiff Rockwell responds to this Interrogatory only on behalf of itself. Plaintiff Rockwell objects to this Interrogatory on the grounds that the Interrogatory is compound. Plaintiff Rockwell objects to this Interrogatory on the grounds that "mailing list" is vague and ambiguous. Plaintiff Rockwell further objects to this Interrogatory on the grounds that the Interrogatory seeks information that is not relevant to this Counterclaim or the stated defenses, is unduly burdensome, and is not proportional to the needs of this case. Plaintiff Rockwell does not track the number of "unique email addresses" in its possession on a month to month basis or for any other defined period of time. It is unclear how Defendant contemplates this figure should be calculated, particularly when "mailing list" is undefined. Notwithstanding said objection, and in an attempt to be responsive, Plaintiff Rockwell states that after a diligent search of its system, it is not able to respond to this Interrogatory.

PLAINTIFF ROCKWELL'S SUPPLEMENTAL RESPONSE: Plaintiff Rockwell, in light of your recent "clarification" will: select an email from "towards the end" of each of the years identified and provide the number of individuals who, in fact, clicked on or accessed links contained within such emails. This number would accurately reflect the individuals who access the content contained within such emails – as they "clicked" the URLs. A figure representing the number of unique email addresses - from a broader "mailing list" – to whom an email was sent "towards the end" of each of the calendar years identified is, functionally, meaningless in terms of who saw the contents.

DISCUSSION: Defendant notes that he limited the scope of the interrogatory to the relevant period of 2019 to 2023 and "suggested that Plaintiff pick a standard day of the year and count the collected number of unique email addresses on the email that Plaintiff Rockwell sends out." (Doc. 119 at 10.) Defendant contends that this helps Defendant understand how the allegedly false statements affected Plaintiffs' outreach and indicates potential damages. (*Id.*)

Plaintiff Rockwell argues that it should only identify and provide the "number of individuals who, in fact, clicked on or accessed links contained within such emails," as that "would accurately reflect the individuals who access the content contained within such emails."

(Doc. 119 at 31.)  However, this limitation does not include individuals who viewed the information contained within the emails themselves, and therefore does not fully account for the reach of Plaintiff Rockwell's emails.

In light of the parties' continued attempts to narrow this interrogatory, the Court will further narrow the interrogatory as follows.  For each year from 2019 to 2023, Plaintiff Rockwell shall select an email to its mailing list from December 1 through December 31 and provide the total number of unique email addresses the email was sent to.  Plaintiff Rockwell shall supplement its response to Interrogatory No. 21 on or before **December 20, 2024**.

### h.  Request for Production to Plaintiff Rockwell No. 8

REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ROCKWELL, NO. 8: Documents sufficient to identify Your live feed comments for Your YouTube.com videos dated January 10, 2022. For purposes of this request, "documents" shall mean a copy of the MP4 file.

PLAINTIFF ROCKWELL'S RESPONSE TO REQUEST NO. 8: Plaintiff Rockwell objects to Propounding Party's definition of "You" as overbroad, vague, and ambiguous on the grounds that it purports to include parties other than Plaintiff Rockwell. Plaintiff Heitkoetter responds to this Request only on behalf of itself.

Plaintiff Rockwell objects to this Request on the basis of vagueness, as "live feed comments" is undefined. Plaintiff Rockwell objects to this Request on the basis that it is overly broad and seeks, in part, information that is not relevant to the claims or defenses in this action.

Subject to and without waiving the foregoing objections, Plaintiff Heitkoetter responds to this Request as follows: Plaintiff is not in possession of any documents or materials responsive to this Request. Plaintiff is not able to secure any "live feed" comments for this video through YouTube. Notwithstanding said objection, and in an attempt to be responsive, Plaintiff is still investigating the availability of responsive documents.

DEFENDANT'S POSITION (Doc. 119 at 7): Defendant does not believe the excuses that Plaintiffs have put forth thus far, and in fact believes that this Court should order Plaintiffs to appear in Court, with a computer, so that all can see whether or not the simple act of reactivating

the live feed with a few small clicks is indeed "impossible" for Plaintiffs who share the same

social media as Defendant…who can do this with ease. Defendant has included Exhibit 13 to the

Arani Declaration to demonstrate to the Court how simple it is to retrieve the live feed data from

anyone with a YouTube.com channel.

DISCUSSION: The Court cannot compel a party to produce documents that do not exist.

*Webster v. Haskins*, No. 118CV01640BAMPC, 2021 WL 4147143, at *2 (E.D. Cal. Sept. 13,

2021), *aff'd*, No. 22-15545, 2023 WL 7271098 (9th Cir. Nov. 3, 2023); *Mootry v. Flores*, No.

1:09-CV-01252-LJO, 2014 WL 3587839, at *4 (E.D. Cal. July 21, 2014) ("The Court cannot

compel Defendants to produce documents that do not exist.")  Plaintiff Rockwell has declared,

under penalty of perjury, that the documents and materials at issue are not in its possession.

(Doc. 119 at 32.)  Moreover, Plaintiff Rockwell has attempted to comply with Defendant's

discovery request, with Plaintiffs' counsel noting that "Plaintiffs made numerous efforts to secure

this information, with the undersigned personally walking through the process to secure this

information with Plaintiffs" and "Plaintiffs have even enlisted the assistance of Plaintiffs' IT

contractors for help with this matter but had no success." (*Id.*)  Defendant suggests that it would

be simple to recover this material but does not provide evidence that Plaintiff Rockwell retained

this material.  (*See* Doc. 119 at 11-12.)  In the absence of evidence to the contrary, Defendant is

required to accept Plaintiffs' response that, despite a diligent search, the specifically requested

documents do not exist.  Defendant's request regarding Requestion for Production of Documents

No. 8 is therefore denied.

> **i.  Defendant's Request for Production of Documents to Plaintiff Heitkoetter No. 10**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10: Documents sufficient to

identify when You disclosed to the public that You stopped taking money out of the Public

Trading Account in 2021.

PLAINTIFF HEITKOETTER'S RESPONSE TO REQUEST NO. 10: Plaintiff

Heitkoetter objects to Propounding Party's definition of "You" as overbroad, vague, and

ambiguous on the grounds that it purports to include parties other than Plaintiff Heitkoetter.

Plaintiff Heitkoetter responds to this Request only on behalf of himself. Subject to and without

waiving the foregoing objections, Plaintiff Heitkoetter responds to this Request as follows:

Supplemental Response: Following a diligent search, Plaintiff cannot locate the material in which this was expressly disclosed. It remains Plaintiff's good faith belief that this information was, in fact, disclosed and if located Plaintiff will supplement.

PLAINTIFFS' NOTES TO REQUEST NO. 10: Following a diligent search, Plaintiff cannot locate the material in which this was expressly disclosed. It remains Plaintiff's good faith belief that this information was, in fact, disclosed and if located Plaintiff will supplement.

DISCUSSION: Plaintiffs' objections to this request are inapposite as it is directed to Plaintiff Heitkoetter and is not overbroad, vague, or ambiguous.  Additionally, the Court cannot compel a party to produce documents that do not exist.  *See Webster*, 2021 WL 4147143, at *2. However, Plaintiffs' response and supplemental briefing are unclear as to whether this information existed but cannot be located or whether Plaintiffs further intend to search for the information.  Plaintiff shall therefore supplement this response to clarify whether it was finally unable to locate this information on or before **December 20, 2024**.

**j.   Defendant's Request for Production of Documents to Plaintiff Rockwell No. 11**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11: All Documents where Plaintiff Rockwell's employee or contractor, Rob Booker, spoke for or on behalf of You or Plaintiff Rockwell. For purposes of this request, documents shall mean a copy of the MP4 file.

PLAINTIFF ROCKWELL'S RESPONSE TO REQUEST NO. 11: Plaintiff Rockwell objects to Propounding Party's definition of "You" as overbroad, vague, and ambiguous on the grounds that it purports to include parties other than Plaintiff Rockwell. Plaintiff Heitkoetter responds to this Request only on behalf of itself. Further objection is raised on the basis that this Request seeks information that is not relevant to the Counterclaim asserted or Plaintiffs' defenses thereto. The subject of Defendant's Counterclaim is several specific statements made by Plaintiff Heitkoetter and/or Rockwell. Absent an explanation as to the relevance of the sought after materials to the Counterclaim or Plaintiffs' defenses thereto, Plaintiff will not respond to this Request.

Notwithstanding said objection, and in an attempt to be responsive, Plaintiff Rockwell

states that after a diligent search of its system, it has no documents responsive to this request.

PLAINTIFF ROCKWELL'S SUPPLEMENTAL RESPONSE TO REQUEST NO. 11: Pursuant to Rockwell's internal policies, these webinars are not maintained on the Rockwell system after 30 days.

DEFENDANT'S POSITION REGARDING REQUEST NO. 11: We heard this week in depositions of Rockwell's persons most qualified that they do not keep webinars for more than thirty days and have not done so in several years. What the defense finds peculiar is that Exhibit 33 (a video of a webinar) to the deposition of Plaintiff Heitkoetter was active via link from approximately January 2024, until sometime in July 2024. See id. at ¶18. Defendant sent this request in April of 2024, and a substantive response regarding the deletion of relevant, discoverable materials was not made known to Defendants until this week's deposition and the October 4th supplemental responses. See id. As such, we don't believe there is a policy of deletion, and ask that the Court inquire into this matter as it could be a matter of spoliation of evidence. In the alternative, Defendant respectfully requests the Court require Plaintiffs to file declarations under oath that no webinars were deleted of or because of discovery requests in this case.

PLAINTIFF ROCKWELL'S POSITION REGARDING REQUEST NO. 11: First, Plaintiff stands by the objection that this information is not relevant to Defendant's Counterclaim – the purpose of the "Counterclaim" discovery. As stated in the initial objection produced to Defendant, none of the allegations in the Counterclaim relate to any statements made by Mr. Booker. Defendant fails to identify what "concerns" Defendant has about Mr. Booker's "representations" that relate to any of Defendant's claims. Moreover, highlighting that Defendant engaged in an (irrelevant) line of questioning during the deposition, to which objections were lodged, does not render the responsive materials sought by Request No. 11 relevant under the Rule 26 standard. Upon review of the deposition transcript, it appears that Defendant's only "concerns" about Mr. Booker's "representations" during the deposition pertained to statements made by Mr. Booker in an unidentified video clip of which Mr. Heitkoetter had no recollection. (Heitkoetter Depo, p. 250, Ex. 33.). The other, irrelevant, line of questioning relating to Mr.

Booker that Defendant explored was the alleged or potential investigation of a company – not owned by Plaintiff Heitkoetter or Plaintiff Rockwell – at which Mr. Booker was (per Defendant's allegations) separately employed. Plaintiff has represented that it has no documents responsive to this Request. This Request, as Plaintiff understands it, concerns webinars or, videos that would be publicly available. Pursuant to Rockwell's internal policies, these webinars are not maintained on the Rockwell system after 30 days.

DISCUSSION: The Court cannot compel a party to produce documents that do not exist. *See Webster*, 2021 WL 4147143, at *2.  Plaintiff Rockwell has declared that "after a diligent search of its system, it has no documents responsive to this request."  (Doc. 119 at 33.)  In the joint discovery statement, Plaintiff Rockwell further states that "Pursuant to Rockwell's internal policies, these webinars are not maintained on the Rockwell system after 30 days."  (*Id.*)

Defendant suggests that he does not find Plaintiff's policy credible given that one video of a webinar was active for approximately six months.  (Doc. 119 at 13.)  However, Plaintiff also notes that Plaintiff Rockwell's persons most qualified stated that "they do not keep webinars for more than thirty days and have not done so in several years."  (*Id.*)  Defendant does not provide further evidence that any webinars or videos regarding Rob Booker, the subject of this request, were preserved.  In the absence of evidence to the contrary, Defendant is required to accept Plaintiffs' response that, despite a diligent search, the specifically requested documents do not exist.  Defendant's request regarding Requestion for Production of Documents No. 11 is therefore denied.

In addition, Defendant broadly requests "that the Court inquire into this matter as it could be a matter of spoliation of evidence."  (Doc. 119 at 13.)  On this record, the Court declines to presume that evidence was spoliated and declines to "inquire into this matter."

### k.  Defendant's Request for Production No. 38 to Plaintiff Rockwell

REQUEST FOR PRODUCTION NO. 38: Documents sufficient to identify persons claiming to be actual or former customers who complained to You about your products or services in the past five years.

PLAINTIFF ROCKWELL'S RESPONSE TO REQUEST NO. 38: Objection. This

19

Request is overly broad and unduly burdensome. Further objecting, Defendant did not make his statements based on the statements of Plaintiff's former customers.

Supplemental Response: Plaintiffs maintain the foregoing objection and further clarify that they are objecting on the grounds that Defendant is seeking a list of current or former customers who complained to Plaintiffs at any time within the past five years about any of Plaintiffs' products.

Plaintiffs decline to provide such a customer list to their competitor who, when these Requests were initially propounded in September 2022, vehemently denied competitor status. Plaintiffs object to the production of confidential business information that, if provided to a competitor, can be used to further harm their interests. While it is acknowledged that a protective order is in place, there is a substantial risk that the mere disclosure of this information – regardless of whether Defendant transmits the same to third parties – could adversely impact Plaintiffs' business and financial interests.

Plaintiffs note that they have provided documents reflecting consumer reviews, both positive and negative, as well as the comments on the publicly available YouTube videos that may reflect criticisms but will not be producing any other documents responsive to this Request.

DISCUSSION: Plaintiffs raise concerns regarding providing confidential business information to a competitor.  (Doc. 119 at 34.)  However, in prior correspondence, Defendant states that the request has been narrowed to "complaints about Plaintiff Rockwell's products and services be produced without identifying information regarding the customer." (Doc. 119-2 at 46.)  Plaintiffs do not make clear why Plaintiff Rockwell cannot redact identifying information and produce these complaints.  The Court has previously permitted Plaintiffs to redact identifying information in response to Defendant's discovery requests to protect Plaintiffs' confidential business information while permitting Defendant adequate discovery for his counterclaim.  (*See* Doc. 100) (permitting Plaintiffs to redact the names of individual trades made from January 1, 2023 to December 31, 2023).  Plaintiff Rockwell shall therefore supplement its response with any complaints about Plaintiff Rockwell's products and services made from January 1, 2023 to December 31, 2023 with identifying information redacted on or before **December 20, 2024**.

### III.    Conclusion and Order

Based on the foregoing, the Court finds that Plaintiffs must supplement their responses to Interrogatory Nos. 8, 12, and 20 to Plaintiff Heitkoetter; Request for Production No. 10 to Plaintiff Heitkoetter, and Request for Production No. 38 to Plaintiff Rockwell.  Plaintiffs shall supplement the specified responses on or before **December 20, 2024**.  The Court otherwise denies Defendant's discovery dispute requests, including Defendant's requests for sanctions and attorneys' fees.  (*See* Doc. 119.)

IT IS SO ORDERED.

Dated:   __**December 4, 2024**__                    ___/s/ *Barbara A. McAuliffe*___
                                                                       UNITED STATES MAGISTRATE JUDGE

21