1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MARKUS HEITKOETTER, et al.,            Case No.  1:22-cv-00368-KES-BAM
12                Plaintiff,                **ORDER GRANTING IN PART
                                            DEFENDANT'S MOTION TO MODIFY
13        v.                                THE SCHEDULING ORDER PURSUANT
                                            TO FRCP 16(b)(4)**
14   KARL DOMM,
                                            (Doc. 123)
15                Defendant.
16

17        Currently pending before the Court is Defendant Karl Domm's motion to modify the

18   scheduling order to continue discovery deadlines, the pretrial conference, and trial.  (Doc. 123.)

19   Plaintiffs Markus Heitkoetter and Rockwell Trading Services, LLC ("Plaintiffs") filed their

20   opposition but noted that they do not oppose a limited extension of non-expert discovery.  (Doc.

21   127 at 3.)  Defendant subsequently filed his reply.  (Doc. 128.)

22        Having considered the moving papers, along with the record in this case, the motion will

23   be granted, in part, pursuant to Federal Rules of Civil Procedure 16(b)(4).

24   **I.       Brief Factual and Procedural Background**

25        In the interest of brevity, the Court highlights pertinent parts of the case background.

26   Plaintiffs Markus Heitkoetter and Rockwell Trading Services, LLC ("Plaintiffs") bring several

27   claims sounding in defamation against Defendant Karl Domm based on allegations that he

28   published injurious falsehoods about Plaintiffs' investment program through videos and

                                        1

comments on YouTube.[1]  On April 6, 2023, Defendant and Counterclaimant Karl Domm filed a counterclaim against Plaintiffs and Counter-Defendants Markus Heitkoetter and Rockwell Trading Services, LLC alleging: (1) False Advertising pursuant to 15 U.S.C. 1125(a)(1)(B); and (2) Violation of California Unfair Competition Law pursuant to Cal. Bus. & Prof. Code Section 17200.  (Doc. 46.)

On May 2, 2023, the Court entered its scheduling conference order.  (Doc. 54.)  The Court later issued an amended scheduling conference order on February 27, 2024, setting the non-expert discovery cutoff for October 31, 2024; expert disclosure for November 14, 2024; supplemental expert disclosure for December 16, 2024; expert discovery cutoff for February 14, 2025; pretrial motion filing deadline for March 14, 2025; pretrial conference for August 18, 2025 at 1:30 p.m.; and a 6 day bench trial for October 21, 2025 at 8:30 a.m.  (Doc. 93.)

The Court granted in part and denied in part Defendant's motion to strike and motion to dismiss on January 29, 2024.  (Doc. 86.)  Following that time, the parties have had numerous discovery disputes and appeared before the Court at an in-person status conference regarding discovery disputes on August 13, 2024, at which the parties represented that they had resolved all issues except for motions for protective orders regarding Mark Hodge and Emmett Moore.  (Doc. 107.)  The parties subsequently briefed and the Court ruled on the parties' motions for protective orders regarding Mark Hodge and Emmett Moore and discovery disputes.  (*See* Docs. 119, 126, 129.)  Defendant now requests modification of the Scheduling Conference Order to continue the scheduled discovery dates by approximately 70-80 days.  (Doc. 123.)  Plaintiffs respond that while they "do not oppose a limited extension of the fact discovery deadline to complete any discovery ordered in connection with the pending discovery motions, Plaintiffs state that the lengthy extensions sought are otherwise unnecessary and will only serve to further delay these proceedings."  (Doc. 127 at 3.)  Defendant filed his reply, arguing that he acted diligently in seeking the requested scheduling modifications.  (Doc. 128.)

---

[1] According to the operative complaint, Plaintiff Markus Heitkoetter is a successful and well-respected investor and trader in the stock and real estate markets. Plaintiff Heitkoetter founded Rockwell Trading which currently offers educational services and programs for anyone interested in investing and trading. Defendant is also an options trader who markets and sells a course in options trading, similar to that offered by Plaintiffs.  (Doc. 60.)

1      **II.**     **Legal Standard**

2        District courts enter scheduling orders in actions to "limit the time to join other parties,

3 amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once

4 entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R.

5 Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v.*

6 *Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case

7 management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986). Indeed, a scheduling

8 order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by

9 counsel without peril." *Johnson*, 975 F.2d at 610. Accordingly, pursuant to Federal Rule of Civil

10 Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's

11 consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem*, No.

12 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a

13 scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which

14 provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth

15 Circuit has explained,

16        In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and
17        resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the
18        deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly
19        support severe sanctions and exclusions of evidence.

20 *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

21        The party seeking to modify a scheduling order bears the burden of demonstrating good

22 cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16,

23 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975

24 F.2d at 608-609). The Court may modify the scheduling order "if it cannot reasonably be met

25 despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. If the party

26 was not diligent, then the inquiry should end. *Id.*

27 ///

28

1        **III.    Discussion**

2            Defendant moves to modify the scheduling order to extend the discovery dates, deadline

3    for dispositive motions, pretrial conference, and trial.  (Doc. 123.)  Accordingly, the Court

4    examines Defendant's diligence to determine whether amendment of the Scheduling Conference

5    Order is proper. *Phillips-Kerley v. City of Fresno*, No. 1:18-cv-00438-AWI-BAM, 2021 WL

6    1966387, at *3 (E.D. Cal. May 17, 2021).  In determining diligence, the Court can inquire into (1)

7    whether the movant was diligent in aiding the Court in creating a scheduling order, (2) whether

8    matters that were not, and could not be foreseeable at the time the scheduling order was entered

9    caused the need to amend, and (3) whether the movant was diligent in attempting to amend the

10   scheduling order once the need to amend became apparent. *Gonzalez v. Jones*, No. 2:15-cv-2448-

11   TLN-KJN, 2020 WL 9144005, at *2 (E.D. Cal. April 13, 2020) (citation omitted).

12           Here, the Court finds good cause to allow for modification of the Scheduling Conference

13   Order.  Defendant aided the Court in creating a scheduling order, by participating in the filing of a

14   Joint Scheduling Report and in a Scheduling Conference with the Court and in amending the

15   Scheduling Conference Order previously.  (Docs. 48, 54, 93.)  As to the need to amend, the

16   parties' ongoing discovery disputes and attempts to narrow and resolve them have primarily

17   arisen after the Scheduling Conference Order was amended on February 27, 2024.  (*See, e.g.,*

18   Docs. 93, 96-98, 103, 107, 111, 115, 119.)  Defendant notes in his motion that further time was

19   necessary given the protracted discussions and eventual motions for protective orders related to

20   the depositions of Mark Hodge and Emmett Moore as well as the outstanding discovery requests

21   propounded by Defendant.  (Doc. 123 at 2-8.)  Defendant further notes that it subpoenaed Google,

22   LLC for YouTube live feed records on October 10, 2024 and requires additional time to receive

23   those records.  (Doc. 123 at 9.)  As there were two motions for protective orders related to

24   depositions and the parties' joint discovery dispute pending near the cutoff for non-expert

25   discovery on October 31, 2024, Defendant filed the motion to modify the scheduling order in

26   advance of that deadline, on October 21, 2024.  (Docs. 93, 123.)  Based on this record, Defendant

27   appears diligent in seeking leave to modify the Scheduling Conference Order.  Accordingly, the

28   Court finds that Defendant has demonstrated good cause to amend the Scheduling Conference

1    Order under Rule 16(b).

2          Plaintiffs argue that Defendant has not been diligent in seeking to modify the scheduling

3    order, as Defendant has had adequate time to complete discovery but has prolonged the process

4    and unnecessarily waited to move for modification.  Plaintiffs note that Defendant has had over

5    2.5 years to complete fact discovery, issued numerous subpoenas, propounded hundreds of

6    written discovery requests, and completed the depositions of Plaintiff Heitkoetter and Plaintiff

7    Rockwell's representatives.  (Doc. 127 at 4.)  Plaintiffs contend that Defendant was aware of the

8    existing discovery disputes during the in-person status conference on September 11, 2024, but did

9    not move to modify the scheduling order until October 21, 2024.  (*Id.*)  Plaintiffs further state that

10   following the in-person conference and further meet and confers, Defendant propounded 80

11   additional requests for admission to Plaintiffs as well as two subpoenas to third parties.  (*Id.*)

12   While the parties were aware of the pending discovery disputes and anticipated motions for

13   protective orders, given that the parties' ongoing discussions and attempts to resolve their issues,

14   Defendant's filing of the motion on October 21, 2024 was sufficiently diligent.

15         Plaintiffs also argue that any order extending fact discovery should only be as to

16   completing the two depositions of Mr. Moore and Mr. Hodge.  (*Id.* at 6-7.)  Plaintiffs argue that

17   the Court should not allow extension of fact discovery as to Defendant's subpoena issued to

18   Google, as Plaintiffs had "advised Defendant for months of the inability to personally secure a

19   copy of this video – to the extent it ever existed," but failed to issue a subpoena to Google until

20   October 11, 2024.  (*Id.* at 6.)  Plaintiffs further argue that the Court should not extend non-expert

21   discovery as to the pending joint discovery dispute, as the delay was caused by Defendant's

22   overbroad, irrelevant, burdensome, and disproportionate requests.  (*Id.* at 6-7.)  Defendant

23   responds that he has been working diligently to secure deposition dates, Plaintiff has prolonged

24   the discovery response process, and that Plaintiff only became aware in mid-September 2024 that

25   Plaintiff claimed to not have the YouTube video with live feed comments sought.  (Doc. 128 at 3-

26   7.)

27         The Court will extend non-expert discovery solely for the purposes of: (1)

28   supplementation of the discovery responses identified in its order on the parties' discovery

1   dispute statement (Doc. 130); (2) completion of the depositions of Mr. Hodge and Mr. Moore;

2   and (3) additional time for Defendant to attempt to secure the live feed records from Google.  The

3   Court identified approximately six discovery requests that Defendant was required to supplement

4   on or before December 20, 2024, which should not substantively delay the case.  (Doc. 130.)  The

5   Court also extends the non-expert discovery deadline to permit for the completion of Mr. Moore

6   and Mr. Hodge as detailed in the Court's orders which were issued shortly before and after the

7   non-expert discovery deadline.  (Docs. 126, 129.)  Regarding the Google subpoena, the Court

8   notes that the parties' discovery dispute statements states that "On or about September 16, 2024,

9   during a call with counsel, Plaintiffs' counsel suggested that a live feed might never have existed

10   because Plaintiffs cannot find it."  (Doc. 119 at 11, Doc. 119-1 ¶ 17.)  While Plaintiffs' earlier

11   responses indicated that they were continuing to search for the live feed, that response alerted

12   Defendant that Plaintiffs did not have that video and Defendant issued the subpoena shortly after.

13   A brief extension of non-expert discovery for Defendant to attempt to secure that video is

14   therefore warranted.  The Court will accordingly extend non-expert discovery only as to these

15   specifically identified purposes.  Non-expert discovery otherwise closed on October 31, 2024, and

16   no further follow-up fact discovery is permitted.

17          Plaintiffs additionally argue that the 70-to-84-day continuances Defendant requests are

18   unnecessary and note that "Defendant does not explain why the limited discovery at issue would

19   require seventy days to complete, nor why the remainder of the deadlines should be extended for

20   over two and a half months."  (Doc. 127 at 3.)  Plaintiffs only request time to complete the two

21   depositions, but do not propose alternate dates.  (*See* Doc. 127.)  Given that the parties filed two

22   motions for protective orders and a lengthy joint discovery dispute statement shortly before the

23   non-expert discovery deadline, which have taken the Court time to resolve, the Court will modify

24   its Scheduling Conference Order as outlined below.

25          ///

26          ///

27          ///

28          ///

1

IV.     **Conclusion and Order**

2

Based on the foregoing, the Court modifies its Scheduling Conference Order (Doc. 93) as

3

follows:

4

5

6

| Event | Current Date | Defendant's Proposed Date | Modified Date |
|-------|-------------|---------------------------|---------------|
| Non-Expert Discovery Cutoff | October 31, 2024 | January 9, 2025 | **January 10, 2025 only as to the limited purposes outlined above (including the two identified depositions)** |
| Expert Disclosure | November 14, 2024 | January 30, 2025 | **January 31, 2025** |
| Supplemental Expert Disclosure | December 16, 2024 | March 3, 2025 | **February 21, 2025** |
| Expert Discovery Cutoff | February 14, 2025 | May 2, 2025 | **March 21, 2025** |
| Pretrial Motion Deadline | March 14, 2025 | June 6, 2025 | **March 31, 2025** |
| Pretrial Conference | August 18, 2025 | | **August 18, 2025 1:30 PM Courtroom 6 (KES) (unchanged)** |
| Bench Trial | October 21, 2025 | | **October 21, 2025 9:00 am (6 Days) Courtroom 6 (KES)** |

28

7

| | | | **(unchanged)** |
|---|---|---|---|

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions, including but not limited to, dismissal of this action.

Finally, the Court again notes that the parties' conduct should assist in securing the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. The parties are admonished against unnecessarily burdening the Court's limited resources. If the parties are unable to meet and confer and resolve issues in good faith, the Court, in its discretion, may set an IN PERSON meet and confer conference in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe, where counsel will be required to personally appear in court to further meet and confer to resolve the outstanding discovery issues.

IT IS SO ORDERED.

Dated:   **December 11, 2024**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE