UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS HEITKOETTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KARL DOMM,<br><br>    Defendant. | Case No.  1:22-cv-0368-KES-BAM<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF EMMETT MOORE AND FOR SANCTIONS AGAINST EMMETT MOORE AND DEFENDANT'S COUNSEL**<br><br>(Doc. 132) |

    Currently before the Court is Plaintiffs Markus Heitkoetter and Rockwell Trading Services, LLC's ("Plaintiffs") motion to compel the deposition of Emmett Moore and motion for sanctions against Emmett Moore and Defendant's counsel.  (Doc. 132.)  Having considered the briefing, and the entire docket, and for the reasons discussed below, the Court denies Plaintiffs' motion to compel the deposition of Emmett Moore and further denies all related requests for sanctions.

    **I.**    **Brief Factual and Procedural Background**

    In the interest of brevity, the Court highlights pertinent parts of the case background. Plaintiffs Markus Heitkoetter and Rockwell Trading Services, LLC ("Plaintiffs") bring several claims sounding in defamation against Defendant Karl Domm ("Defendant") based on allegations that Defendant published injurious falsehoods about Plaintiffs' investment program through

1

videos and comments on YouTube.[1] As relevant to this motion, on April 6, 2023, Defendant and Counterclaimant Karl Domm filed a counterclaim against Plaintiffs and Counter-Defendants Markus Heitkoetter and Rockwell Trading Services, LLC alleging: (1) False Advertising pursuant to 15 U.S.C. 1125(a)(1)(B); and (2) Violation of California Unfair Competition Law pursuant to Cal. Bus. & Prof. Code Section 17200. (Doc. 46.) Counterclaimant Domm primarily alleged that Counter-Defendants made false statements in their YouTube advertisements. (*Id.*)

The Court granted in part and denied in part Defendant's motion to strike and motion to dismiss on January 29, 2024. (Doc. 86.) Following that time, the parties had numerous discovery disputes and appeared before the Court at an in-person status conference regarding discovery disputes on August 13, 2024, at which the parties represented that they had resolved all issues except for motions for protective orders regarding Mark Hodge and Emmett Moore. (Doc. 107.) On November 14, 2024, the Court granted in part and denied in part Defendant's motion for a protective order regarding the anticipated deposition of defense counsel's legal assistant Emmett Moore. (Doc. 129.) In that order, the Court limited the anticipated deposition of Mr. Moore to inquiry into relevant and proportional information prior to Mr. Moore's retention as a legal assistant and researcher for Defendant's counsel on April 7, 2022. (*Id.* at 9.)

On December 11, 2024, the Court granted Defendant's motion to modify the scheduling order, and modified the non-expert discovery cutoff from October 31, 2024 to January 10, 2025 "solely for the purposes of: (1) supplementation of the discovery responses identified in its order on the parties' discovery dispute statement (Doc. 130); (2) completion of the depositions of Mr. Hodge and Mr. Moore; and (3) additional time for Defendant to attempt to secure the live feed records from Google." (Doc. 131 at 6-7.) The Court noted that it would "accordingly extend non-expert discovery only as to these specifically identified purposes" and that "Non-expert discovery otherwise closed on October 31, 2024, and no further follow-up fact discovery is permitted." (*Id.* at 6.) In that order, the Court cautioned that:

> This order represents the best estimate of the court and counsel as

---

[1] According to the operative complaint, Plaintiff Markus Heitkoetter is a successful and well-respected investor and trader in the stock and real estate markets. Plaintiff Heitkoetter founded Rockwell Trading which currently offers educational services and programs for anyone interested in investing and trading. Defendant is also an options trader who markets and sells a course in options trading, similar to that offered by Plaintiffs. (Doc. 60.)

to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions, including but not limited to, dismissal of this action.

*Id.* at 8.

On January 31, 2025, Plaintiffs filed the instant motion to compel the deposition of Emmett Moore and motion for sanctions against Emmett Moore and Defendant's counsel.  (Doc. 132.)  On February 14, 2025, Defendant filed an opposition to Plaintiffs' motion to compel.  (Doc. 133.)  Emmett Moore filed a separate opposition the same day.  (Doc. 134.)  Plaintiffs filed their reply on February 24, 2025.  (Doc. 135.)

**II.   Discussion**

Plaintiffs first argue that the Court should compel Mr. Moore to appear for his deposition pursuant to Federal Rule of Civil Procedure 37.  (Doc. 132 at 9-10.)  Plaintiffs next argue that the Court should sanction Mr. Moore and Defendant's counsel for Mr. Moore's failure to appear at the January 10, 2025 deposition.  (*Id.* at 10-11.)

**A. Plaintiffs' Motion to Compel Emmett Moore's Deposition**

Plaintiffs argue that Emmett Moore should be compelled to appear for a deposition pursuant to Federal Rule of Civil Procedure 37, as Defendant's counsel had previously agreed to the deposition subject to notice or subpoena, Plaintiffs had noticed Mr. Moore's deposition for January 10, 2025 via a December 31, 2024 email, and Mr. Moore did not appear at the deposition on January 10, 2025.  (Doc. 132 at 9-10.)   Plaintiffs further argue that Mr. Moore's nonappearance is part of Defendant's broader bad faith conduct in this litigation.  (*Id.*)  Defendant responds that Plaintiffs' motion to compel should be denied because Mr. Moore was not required

3

to appear as he was not subpoenaed, Plaintiffs' notice of deposition via email was improper, and Mr. Moore's deposition would be of limited relevance to the case. (Doc. 133 at 5-9.) Mr. Moore also opposes Plaintiffs' motion, stating that he believed he needed to be served with a subpoena but never received a subpoena via mail delivery or email. (Doc 134 at 3-5.) Plaintiffs reply that Mr. Moore was afforded proper notice of his deposition via email, Defendant's counsel also represented Mr. Moore's interests, and the deposition of Mr. Moore would yield discoverable information. (Doc. 135 at 3-6.)

While the parties dispute whether Defendant's counsel represented Mr. Moore and whether the notice of deposition was sufficient, the parties appear to agree upon other basic facts. Plaintiffs' counsel sent a notice of deposition to Mr. Moore and Defendant's counsel via email on December 31, 2024, stating that Mr. Moore's deposition would be conducted on January 10, 2025. (Doc. 132-1 at 2, 4-6, Doc. 133 at 3, 8.) On January 10, 2025, Plaintiffs' counsel and Defendant's counsel appeared for a deposition but Mr. Moore did not appear, and Defendant's counsel informed Plaintiffs' counsel that Mr. Moore would not be appearing as he had not been served a proper subpoena compelling his appearance. (Doc. 132-1 at 2, Doc. 133 at 4, Doc. 133-1 at 2.)

As Plaintiffs' motion was filed after the close of non-expert discovery, there is an issue of timeliness. The Ninth Circuit has empowered district courts to take an active role to ensure that discovery deadlines are adhered to by the parties. *See Goddard v. United States Dist. Court (In re Arizona)*, 528 F.3d 652, 657 (9th Cir. 2008) ("Federal Rule of Civil Procedure 16 vests the district court with early control over cases toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.") (internal citations and quotations omitted); *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) ("The district court is given broad discretion in supervising the pretrial phase of litigation.") (internal citations and quotations omitted).

Here, the Court's initial scheduling conference order cautioned that "Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time." (Doc.

4

54 at 2-3.)  The Court further warned that "A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (*Id.* at 3.)  In a recent order amending the scheduling conference order, the Court required that "If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference."  (Doc. 131 at 8.)

Several courts have determined compliance with the discovery cutoff requires motions to compel be filed *and heard* sufficiently in advance of the cutoff so that the Court grant effective relief within the allotted discovery time.  *See, e.g., Frye v. City of Sacramento*, No. 2:22-cv-1936-DJC-CSK, 2024 WL 1676496, at *5 (E.D. Cal. Apr. 18, 2024) (denying certain motion to compel requests as plaintiff raised 33 30(b)(6) topics with the court six weeks prior to the discovery deadline and noting that this "was simply not enough time to resolve and raise with the Court any related disputes to complete fact discovery by the fact discovery cut-off as required in the scheduling order"); *Verterra, Ltd. v. Leafware LLC*, No. 2:23-cv-0290 DAD-CSK, 2024 WL 3294944, at *1 (E.D. Cal. June 13, 2024) ("Even if the Court were to use the date Plaintiffs first filed its discovery request on May 8, 2024, which the Court denied for failure to follow Local Rule 251, Plaintiffs' motion to compel was still untimely because it was filed on the deadline for the completion of fact discovery"); *Watts v. Allstate Indem. Co.*, No. 2:08-cv-01877 LKK, 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) ("Motions to compel such discovery had to have been heard 30 days before [the discovery] cutoff in order for discovery to be completed by the cutoff."); *Lacy v. Am. Biltrite, Inc.*, No. 10-CV-0830 JM RBB, 2012 WL 909309, at *8 (S.D. Cal. Mar. 16, 2012) ("Even if counsel immediately filed a motion to compel after receiving the Defendants' objections, the motion would have been untimely because the discovery cutoff includes hearings on motions to compel and discovery ordered as a result of a motion to compel.").

In a related case, the court noted that, by parties "noticing the hearings on their respective Motions to Compel for the last day of discovery, the Court is without the means to provide any effective relief prior to the discovery cutoff."  *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No.

1:11-cv-01273-LJO, 2013 WL 492103, at *6 (E.D. Cal. Feb. 8, 2013).  In *Gerawan*, the court reasoned that to rule on untimely motions to compel, the court "would be ordering discovery be conducted after the discovery cutoff date," and without modifying the scheduling order, the court could not provide the parties relief.  *Id.*

Plaintiffs filed their motion to compel on January 31, 2025, three weeks after the extended January 10, 2025 non-expert discovery deadline.  (Doc. 131 at 7.)  Additionally, despite the Court's December 11, 2024 order modifying its scheduling order and permitting an additional month for the parties to secure the limited depositions and discovery permitted, Plaintiffs did not send a notice of deposition to Mr. Moore and Defendant's counsel until December 31, 2024.  (Doc. 132-1 at 2.)  Plaintiffs noticed a deposition for January 10, 2025, the same day as the non-expert discovery deadline.  (*Id.* at 2, 5-6.)  This timeline did not provide the Court sufficient time to provide effective relief prior to the discovery deadline.  *See Gerawan*, 2013 WL 492103, at *6; *Frye*, 2024 WL 1676496, at *5.  Plaintiffs' filed motion also did not comply with the Court's scheduling order which required "motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time." (Doc. 54 at 2-3.)  Plaintiffs' Motion to Compel (Doc. 132) is therefore denied as untimely.

### B. Requests for Sanctions

Plaintiffs also move for sanctions against Mr. Moore and Defendant's counsel pursuant to Federal Rule of Civil Procedure 37(b)(1).  (Doc. 132 at 10-11, Doc. 135 at 6-9.)  Mr. Moore opposes Plaintiffs' request for sanctions and instead requests that the Court order Plaintiffs' counsel "to reimburse [Mr. Moore] for the cost of the third-party forensic examination of [his] email account" and "impose a $1 fine on [Plaintiffs' counsel] as a warning and to deter similar actions in the future."  (Doc. 134 at 7.)  Defendant also opposes Plaintiffs' request for sanctions and requests sanctions against Plaintiffs' counsel, arguing that Defendant's counsel did not give Mr. Moore legal advice to not attend a noticed deposition.  (Doc. 133 at 9-12.)

Federal Rule of Civil Procedure 37(b)(1) provides that, "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."  Fed. R. Civ. P. 37(b)(1).

6

Here, Mr. Moore and Defendant's counsel have not violated an order of this Court. Plaintiffs' counsel states that he served Mr. Moore and Defendant's counsel with a notice of deposition rather than a subpoena. (Doc. 132-1 at 2.) Additionally, while Plaintiffs point to the Court's order granting in part and denying in part Defendant's motion for a protective order regarding Emmett Moore, that order did not require Mr. Moore to appear for a deposition. (Doc. 129, Doc. 132 at 10.) In its order regarding Defendant's motion for a protective order, the Court only ordered that an anticipated deposition "be limited to inquiry into relevant and proportional information prior to Mr. Moore's retention as a legal assistant and researcher for Defendant's counsel on April 7, 2022." (Doc. 129 at 8.) The Court also questioned whether "Defendant's motion is premature," as Defendant noted in his motion that "counsel for Defendant has not received a subpoena *duces tecum* for Emmett Moore's deposition." (*Id.* at 2-3.) As Mr. Moore or Defendant's counsel did not violate the Court's orders, sanctions pursuant to Federal Rule of Civil Procedure 37(b)(1) are inappropriate and Plaintiffs' motion for sanctions is denied. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983) (finding Rule 37(b) requests were inapplicable where a nonparty "violated no court order.") The Court further denies Mr. Moore's and Defendant's requests for sanctions, as they provide no authority for their requests beyond allegations regarding Plaintiffs' counsel's conduct. (*See* Doc. 133 at 9-12, Doc. 134 at 7.)

### III. Conclusion and Order

Based on the foregoing, Plaintiffs' motion to compel the deposition of Emmett Moore and for sanctions against Emmett Moore and Defendant's Counsel (Doc. 132) is DENIED. The Court additionally DENIES Mr. Moore's and Defendant's requests for sanctions. (*See* Doc. 133 at 9-12, Doc. 134 at 7.)

IT IS SO ORDERED.

Dated: **April 24, 2025**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE